# THE SUPREME COURT

OF THE

# TERRITORY OF NEW MEXICO.

## JANUARY TERM, 1905.

[No. 983, January Term, 1905.]

GEORGE W. HARRISON, Appellee, v. ANTONIO GAL-
LEGOS, Appellant.

### SYLLABUS.

1. In actions of ejectment plaintiff must recover on the strength of his own title and show that he had title to the particular land in dispute.

2. Even where a title is derived from a common source, the plaintiff must show a better title than that of defendant or an actual possession prior to that of the defendant, in order to put the defendant to the necessity of supporting his possession by a title superior to one of naked possession.

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

NEILL B. FIELD, for Appellant.

The appellant pleaded not guilty, which by force of the statute, was an admission that he was in possession of the land at the time of the institution of the suit.

Compiled Laws, N. M. 1897, Sec. 3166.

Before he could recover he was bound to prove his right to the possession of the premises.

Compiled Laws N. M. 1897, Sec. 3168.

The party in possession of land is presumed to have

Harrison v. Gallegos.

a valid title thereto, and this presumption can be overcome only by proving title out of such party.

Tyler on Ejectment, p. 70; Hill v. Draper, 10 Barb. 454; The People v. Van Nostrand, 9 Wend. 50; Keane v. Cannovan, 21 Cal. 291; Hutchinson v. Parley, 4 Id. 53; Hicks v. Davis, Id. 67; Plumb v. Seward, Id. 94; Rolinoe v. Doe, 6 Blackf. 85; Gillett v. Eaton, 6 Wis. 30; Gardiner v. Tisdale, 2 Id. 153; Jayne v. Price, 5 Taunt, 326.

Plaintiff in ejectment must show a better title than that of the defendant, or a prior actual possession to that of the defendant, or a good conveyance to himself from one in actual possession and prior to that of the defendant, in order to put the defendant to the necessity of supporting his possession by a title superior to one of naked possession.

L'Engle v. Reed, 9 South 213; Sedg. and W. Tr. Tit. Sec. 723; Miller v. R. R. Co., 71 N. Y. 380; Smith v. Bryan 74 Ind. 515; Peck v. L. & L. A. R. R. Co., 101 Ind. 366; Summers v. Spratt, 20 Fla. 495; Hall v. Giddings, 2 Har. & J. 112; Railway Co. v. Loring, 51 Fed. 932; Building Association v. Schall, 18 South. 103.

The note in this case was barred by the statute of limitations. The mortgage therefore which was given to secure it could not have been foreclosed.

2 Jones on Mortgages, Sec. 1773; Compiled Laws of New Mexico, 1897, Secs. 2913 and 2915; McGovney v. Gwillim, 65 Pac. 347; Carpenter v. Longan, 16 Wall. 274; Ganger v. Nightingale, 122 U. S. 185; Cross v. Allen, 141 U. S. 537; Ewell v. Daggs, 108, U. S. 147; The Stulman, 48 Fed. 580; Blair v. Silver Peak Mines, 84 Fed. 739; McMillan v. Richards, 9 Cal. 408; Nagle v. Macy, 9 Cal. 428; Manufacturing Co. v. McAllister, 6 Colo. 261; Coler v. Barth, 24 Colo. 38; 48 Pac. 656; Kenney v. Bank, 12 Colo. App. 31, 54 Pac. 404; Harris v. Mills, 28 Ill. 44;

Harrison v. Gallegos.

Pollock v. Maison, 41 Ill. 516; Medley v. Elliott, 62 Ill. 533; Emory v. Keihman, 88 Ill. 481; McMillan v. McCormick, 117, Ill. 79; 7 N. E. 132; Schnifferstein v. Allison, 132 Ill. 665; 15 N. E. 275; Jones v. Lander, 21 Ill. App. 512; Newhall v. Sherman, 124 Cal. 509; Lord v. Morris, 18 Cal. 482; McManaman v. Hinchley, 82 Minn. 296.

Parol evidence was not admissible to vary the terms of the deed from Harrison to Jaramillo.

Gross v. Fowler, 21 Cal. 397; Bernal v. Gelim, 33 Cal. 668; Perham v. Kruper, 61 Cal. 332; Gorham v. Wing, 10 Mich., 486; Conner v. Long, 63 Iowa, 300; Woodbury v. N. S. R. W. Co. 120, Cal. 463; Eastman v. German Bank, 127 U. S. 537; 4 Kent 334; 2 Wash. 325; White v. Hicks, 33 N. Y. 383; Pease v. Pilot Knob Iron Co., 49 Mo. 126; Brobst v. Brock, 10 Wall. 519; Gilbert v. Covley, Walker Chancery 494; Jackson v. Brown, 7 Cow. 13; Cook v. Cooper, 22 Pac. 945; Lamprey v. Nudd, 29 N. H. 299; Smith v. Smith, 15 N. H. 55; Bronson v. Bryan, 25 N. Y. 320.

If this deed did not operate in law as an assignment of the mortgage, it was a mere nullity.

Lamprey v. Nudd, 29 N. H. 299-304; Smith v. Smith, 15 N. H. 55-64; Bell v. Morse, 6 N. H. 210; Delano v. Bennett, 90 Ill. 533; Ellis v. Sisson, 96 Ill. 105; Carpenter v. Langan, 16 Wall. 274; Weeks v. Eaton, 15 N. H. 145; Jackson v. Bronson, 19 Johns. 325; Devlin v. Collier, 53 N. J. L. 422.; Brown v. Wiley, 20 Howard 447.

Where the language of an instrument has a settled legal construction, parol evidence is not admissible to contradict that construction.

Godkin v. Monohan, 83 Fed. 119; Union U. S. T. Co., v. W. L. & Co., 59 Fed. 57; Gorrell v. Home Life Ins. Co. 63 Fed. 377; Bank v. Ins. Co., 71 Fed. 473; Lumber Co.

v. Comstock, 71 Fed. 477; Hei. Adms, v. Heller, 53 Wis. 415.

The publication of notice of sale cannot, in New Mexico be proved by parol.

Compiled Laws New Mexico, 1897, Secs. 768 and 769.

"When by express direction of a statute a memorandum is required to be kept, the memorial made in compliance with the statute is a public record. When a statute directs that certain documents be made and filed in a public office, such copies become public records."

20 Am. & Eng. Enc. of Law, (first ed.) 507; State v. Gorham, 65 Me. 270; People v. Kemp, 76 Mich. 410; Pittsfield v. Barnstead, 40 N. H. 490; Wayland v. Ware, 140 Mass. 46; Gage v. Davis, 129 Ill. 236; Henry v. Dulle, 74 Mo. 443; Slone Land Co. v. Boom, 73 Tex. 548.

In the absence of statutory methods of proof of publication, the proof must be made by the best evidence.

U. S. v. Britton, 24 Fed. Cas. 1240; 1 Greenl. Ev. Sec. 90; Bond v. Central Bank, 2 Ga. 92; Schley v. Lyon, 6 Ga. 530; Barrett v. Butler, 54 Ga. 581; Ormsby v. City of Louisville, 79 Ky. 197; Richards v. Howard, 2 Natt. & McC. (S. C.), 474; Putnam v. Goodall, 31 N. H. 424; 1 Greenl. Ev. Sec. 82; 1 Phil. Ev. 421; Sebree v. Dorr, 9 Wheat. 558.

It is the duty of the court to direct a verdict where there is a failure of proof.

Lockhart v. Wills, 9 N. M. 265; Pleasants v. Fant, 22 Wall. 116; Bunt v. S. B. Mining Co., 138 U. S. 485; Stewart v. Lansing, 104 U. S. 505.

W. B. CHILDERS, for Appellee.

The action of ejectment is a possessory action, and the plaintiff to entitle himself to recover, must have the right of possession.

Cincinnati v. White, 6 Pet. 431; Love v. Simms, 9 Wheat. 515; Dickerson v. Colgrove,

100 U. S. 578; Kirk v. Hamilton, 102 U. S. 68.

In ejectment the plaintiff must recover, if at all, on the strength of his own title.

> McHitt v. Turner, 16 Wall. 352; Watts v. Lindsey, 7 Wheat. 158; Marsh v. Brooks, 8 How. 223; Fursell v. Gregg, 113 U. S. 550; Fursell v. Hughes, 113 U. S. 565.

A mortgage in New Mexico creates an estate in land, and is not a security for the payment of a debt. The common law, except when modified by statute is a part of our law.

> Browning v. Browning, 3 N. M. 675; Brobst v. Brock, 10 Wall. 529-530; 1 Jones on Mort. Secs. 11-12-15.

The statutes of New Mexico impliedly treat mortgages as conveying an estate in land.

> Compiled Laws 1897, Secs. 3943, 3953, 3955, 3964, 3968 and 3969.

The mortgagor, though loosely called a tenant at will of the mortgagee, is such in no other sense than that his possession may be put to an end whenever the mortgagee pleases.

> Moss v. Gallimore, 1 Dong. 279, 283; Lord Selborne in Low v. Trelford, 1 App. Cas. 414-426; Shaw Chief Justice in Larned v. Clark, 8 Cush. 29, 31; Carroll v. Balance, 26 Ill. 9, 19; 2 Bla. Com. 158; Coleman v. Packard, 16 Mass. 39; Flagg v. Flagg, 11 Pick 475, 477; Anderson v. Strauss, 98 Ill. 485; Hogan v. Kurtz, 94 U. S. 773; Hughes v. Edwards, 9 Wheat. 489; Willis v. East T. and Bank Co., 169 U. S. pp. 309, 310, 311.

After the maturity of the mortgage, a mortgagee without foreclosure or sale, may maintain ejectment against the mortgagor, without giving him previous notice.

> Jones on Mortgages, 719; Allen v. Ranson, 44 Mo. 263.

And in Vermont an action of ejectment which is one of the methods of foreclosure in that state, might be brought after the remedy on the debt had been barred.

Reed v. Shépley, 6 Vt. 602; see Van Ness v. Hyatt, 13 Pit. 294; 2 Freeman on Executions, Sec. 190; 13 Am. & Eng. Ency. (2 Ed.) 785-786; Bank of Metropolis v. Guttschlick, 14 Pet. 32; The Union Bank of La. v. Stafford et al., 12 How. 336; Belknap v. Gleason, 11 Conn., 160, 27 Am. Dec. 721; Bush v. Cooper, 26 Miss. 611; 59 Am. Dec. 270; Bizzell v. Nix, 60 Ala., 281; Demuth v. Old Town Bank, 85 Mo. 315; Thayer v. Mann, 19 Pick 537; Heyer v. Pryen, 7 Paege 465; Balch v. Onion, 4 Cush. 559; Norton v. Palmer, 142 Mass. 433; Johnson v. Railroad, 54 N. Y. 416; Pratt v. Huggins, 29 Barb. 277; Joy v. Adams, 26 Me. 330.

Where the security for a debt is a lien on property, real or personal, the fact that the right of action on the principal obligation is barred, does not impair the remedy at law or in equity to enforce the lien to which a different limitation is applicable; 19 Ency. of Law, (2 Ed.), p. 177; Spears v. Hartley, 3 Esp. 81; Higgins v. Scott, 2 Band Ad. 413; Quantock v. England, 5 Burr. 2628; Bullon v. Taylor, 14 R. I. 277; Cape Girardeau County v. Harrison, 58 Mo. 90; Lewis v. Schwenn, 93 Mo. 32; see also Wood v. Augustine et al., 61 Mo. 50; Booker v. Armstrong, 93 Mo. 59.

In California the mortgage lien is barred when the debt is barred.

Lord v. Morris, 18 Cal. 482.

The law in force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of the mortgage.

East Tenn. & Ry. v. Frazier, 139 U. S. p. 293.

Under the mortgage in this case, the mortgagee was entitled to immediate possession upon default.

Freedman's Sav. Co. v. Shepherd, 127 U. S. p. 502; Jackson v. Slackhouse, 1 Cow. 122.

And being entitled to immediate possession upon default he was entitled to maintain ejectment. He was not

barred in pursuing his remedy by ejectment for the recovery of possession until ten years after the right of entry accrued.

> 23 Am. & Eng. Ency. of Laws (1 Ed.), 898; Opie v. Castleman, 32 Fed. Rep. 511; Wood v. Augustine, 61 Mo. 46; Gardner v. Tery, 99 Mo. 523; Orr v. Rode, 101 Mo. 387; Goldfrank v. Young, 64 Tex. 432; Fieval v. Zuber, 67 Tex. 275.

It is well settled that parol evidence is admissible to show the purpose for which a written instrument is executed.

> Hutchins v. Hibbard, 34 N. Y. 24; Lounsbury v. Purdy, 16 Barb. 376; Ryan v. Dox, 34 N. Y. 307; 2 Jones on Evidence, Sec. 451; Brick v. Brick, 98 U. S. 516.

It is competent to show by parol what the transaction was.

> Russell v. Southard, 12 How. 139; Taylor v. Luther, 2 Summ. 228; Pierce v. Robinson, 13 Cal. 116.

It can be shown aliunde that the conveyance was made in execution of the power.

> Smith v. Herring, 10 W. Va. 596; Taylor v. Eastman; 92 N. Car. 601; Lanegan v. Sweny 53 Ark. 185.

The deed, by reason of its execution and delivery immediately after the sale was not invalid. The mortgage so provides.

> Huston v. Seely, 27 Iowa 183; Tripp v. Ide 3 R. I. 51.

Parol evidence was admissible to prove the fact of publication.

> 1 Jones on Evidence Sec. 202; Teft v. Size, 10 Ill. 432.

A mortgage, duly executed, acknowledged and recorded, is admissible in evidence of the mortgagee's title to the land mortgaged, without first producing the notes which it was given to secure.

> Smith v. Johns, 3 Gray, 517.

## OPINION OF THE COURT.

MILLS, C. J.—The case at bar is a suit in ejectment, by which the appellee, Harrison, sought to eject appellant, Gallegos, from a tract of land situated in Bernalillo, Bernalillo county, New Mexico. The plaintiff, Harrison, loaned a small sum of money to one Vicente Gallegos, and to secure the payment of such loan took from said Vicente Gallegos and his wife a mortgage on the property in question; said mortgage was dated May 9th, 1890, and was due in one year from its date. The mortgage contained a power of sale authorizing the mortgagee to sell the property on default of payment being made. The mortgagor, Vicente Gallegos, died before the debt secured by the mortgage was entirely paid, and Harrison, after his death, advertised the property for sale, and on July 27th 1898, sold it to Jose A. Jaramillo, who a few days later conveyed it to appellee.

The plaintiff Harrison, in the ejectment suit, bases his title on the mortgage, and the subsequent sale by him under the power of sale contained in such mortgage deed and the conveyance thereafter made. It nowhere appears in the record, unless it can be assumed from the fact that he made the mortgage, that Vicente Gallegos, the mortgagor, was the owner of or that he was in possession of the property mortgaged, nor does it anywhere appear that the appellant herein, Antonio Gallegos, claimed the real estate in controversy, of which he was in possession at the time this suit was brought, through the mortgagor. From all that appears in the record he may have derived his title, if he has any, from parties entirely outside of those mentioned in this proceeding.

To show that the appellee held a mortgage on the land in question, of which land he, the mortgagee, was never in actual possession, is far from showing that the mortgagors had title to it. If both parties to this suit claimed title from a common source, to-wit.: Vicente Gallegos, then the sale under the mortgage deed if properly made would have been sufficient to convey title, but the defendant, Antonio Gallegos, offered no evidence, nor was any introduced to show from whom he claimed title, and

we cannot assume that he claimed it from the mortgagor, Vicenté Gallegos.

It ·is well settled, "that in actions of ejectment the plaintiff must recover on the strength of his own title, and show that he had title to the particular land in dispute." Maxwell Land Grant Co. v. Dawson, 7 N. M. 133; Henderson v. Wanamaker, 79 Fed. 736; Union Pac. Ry. Co., v. Reed, 80 Fed. 234, and this court has also decided that the "possession of the defendant gives him a right against every person who cannot establish a title. This is a general rule, to which there is no  exception," Salazar v. Longwell, 5 N. M. 548.

A plaintiff in ejectment, even when the title is derived from a common source must show a better one than that of the defendant; or an actual possession prior to that of the defendant in order to put the defendant to the necessity of supporting his possession by a title superior to one of naked possession. L'Engle v. Reed, 9 South, 213; Miller v. L. I. R. R. Co., 71, N. Y. 380; Smith v. Bryan, 74 Ind., 515; Peck v. L. A. R. R. Co., 101 Ind., 366; Summers v. Spratt, 20 Fla. 495; Hall v. Giddings, 2 Har. & J. 112; Railway Co. v. Loring, 51 Fed. 932; Building Assn. v. Schall, 107 Ala. 531.

In this case on account of the failure of the plaintiff to prove that the parties who made the mortgage to him were the owners of or in the actual possession of the land, or that both the defendant and himself claimed title from a common source, to-wit, the mortgagor, we do not think that the plaintiff proved a title superior to that of the defendant, who was in actual possession such as would warrant a judgment in his favor.

Further, the record nowhere discloses that the defendant, Antonio Gallegos, owed plaintiff Harrison any money, except that claimed as damages for the detention of the land in controversy, and in this case the judgment does not give Harrison the possession of such land. The judgment is found on page 20 of the transcript of record, and reads as follows, to-wit: "It is therefore considered by the court that the said George W. Harrison, recover from the said Antonio Gallegos the said sum of one cent, as heretofore, by the verdict of the jury found due him,

Dame v. Cochiti Education and Improvement Co.

with interest from April 19th, 1902, together with his costs herein expended, and that he have execution therefor."

The errors assigned make no objection to the form of the judgment, and we simply point it out to counsel, because in our opinion it does not conform with the pleadings. Even if the judgment below was affirmed by us, it would not give Harrison the possession of the land.

This action was primarily to recover possession of real estate, and unless the judgment gives the plaintiff such real estate he cannot recover damages, even in the small sum of one cent, for its detention.

For the reasons given above this cause is reversed and remanded to the district court of Bernalillo county for further proceedings, and it is so ordered.

John R. McFie, A. J., Frank W. Parker, A. J., Wm. H. Pope, A. J., Edward A. Mann, A. J., concur.

Baker, A. J., having tried the cause below took no part in this decision.