(No. 2492.   Nov. 28, 1921.)

### ROMERO v. HERRERA et al.

(Rehearing Denied Jan. 20, 1922.)

#### SYLLABUS BY THE COURT

Where neither party in an action in ejectment proves title in himself to the property in question, and the evidence as to prior possession on the part of the plaintiff is conflicting, it is error to direct a verdict in his favor. The case should have been submitted to the jury.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Andres Romero against Felipe Herrera and others. Judgment on instructed verdict for plaintiff, and the defendants appeal. Reversed, with instructions to award a new trial.

Marron & Wood, of Albuquerque, for appellants.

Neill B. Field and Milton J. Helmick, both of Albuquerque, for appellee.

## OPINION OF THE COURT

RAYNOLDS, C. J.   This is an appeal by the defendants from a judgment of the Bernalillo county district court rendered January 12, 1920, upon an instructed verdict of a jury.   The plaintiff below, appellee here, brought a suit in ejectment against the defendants in the district court of Bernalillo county.   The complaint was in the usual statutory form and charged that the defendants on July 1, 1917, dispossessed the plaintiff of a certain tract of land in precinct No. 28, Bernalillo county, located within the bounds of the Atrisco grant.   The complaint prayed for possession of the land and damages for dispossession.'   After a demurer to the complaint had been overruled and an application on defendants' part for a bill of particulars denied, separate answers were filed, which were similar, and denied the right of possession of the plaintiff. The answer set up by way of affirmative allegations claims of the defendants to the land to the effect that it was within the bounds of the Atrisco land grant, and that the defendants entered upon the various portions of the land by virtue of either applications approved by the trustees of the grant or conveyances from the trustees of the grant.   The case was tried before a jury.   At the conclusion of the evidence on both sides the court on motion of the plaintiff directed a verdict in his favor and assessed his damages at the sum of $1.   After overruling the motion for a new trial judgment was entered decreeing to the plaintiff possession of the land described in his complaint.   From this judgment this appeal is taken.

The appellant assigns 16 errors, but confines his argument in his brief to one point, upon which he relies for reversal; that is, that the court erred in instructing the jury to find a verdict for the plain-

tiff. The plaintiff did not attempt to show title through the original grantees of the Atrisco grant, or trace his title back to any grant by the commissioners, or proceedings under the commissioners, but apparently sought to sustain his title by adverse possession under color of title. He also introduced evidence of the payment of taxes for a period of more than 10 years before the institution of the suit. Plaintiff testified that he first got possession of the land when Pedro Perea turned it over to him 15 or 18 years ago; that there were no improvements on the land at the time he secured it; that there was a fence on the north and south of posts and wire; it was open on the west and on the river side; that the fences on the north and south at present belong to the owners of the land adjoining, and not to the piece of land in question; that he used to pasture stock on the land after he got it, and that other people's cattle also roamed and grazed on the same land; that he had not made any fences on the land, had never plowed the land, nor had it ever been plowed before he got it; that the new fences that had been placed there were on the same line as the old ones were; that the fences that were there when he got it had afterwards been removed; that the posts gave out and some of them were carried away, but those people who had taken land on the north and south had built fences on the same line; there were no houses on it; there was nothing to show that it had been occupied in any way; that he had known the land for 40 years; and that stock around generally in the neighborhood grazed on the land. There was other testimony on the part of the plaintiff as to possession similar to this class of testimony above set out. Other witnesses for the plaintiff also testified that the possession of the land in question was in the plaintiff or his predecessors in title, and had been for many years. They were instructed by counsel for plaintiff as to the legal definition of possession, that is, possessio

pedis——having one's feet on the land——and under such a question and instruction as to the meaning of possession (possessio pedis) they answered that the possession was in the plaintiff or his predecessors.

On the other hand, defendants and their witnesses testified that at the time application was made to the commissioners of the grant for the land in question nobody was living upon it; that it had been common land; that for 50 years or more the witness and defendant Jesus Jaramillo testified he had never seen any improvements on the land; that nobody claimed the land, lived on it, or cultivated it or used it in any way. It was a growth of willows and cottonwoods. Another witness and defendant, Alfredo Sanches, testified that he had lived on the land 7 or 8 years; he had known it about 40 years; that there were no improvements on the land except what he himself had put there; that there were no fences on any of it other than what he had built. He stated that the land in question was known as common land. Diego Sanchez, a defendant, testified that he had lived a little south of the land for 42 years. During all that time nobody claimed the land. There were no improvements upon it except what were made by the defendants in this suit. During all the time he had known it the land had not been inclosed. Jose de la Luz Sanches, a witness for the defendants, testified that he had passed over the land since 1855, and there were no improvements on the land when he first passed there, and he had never seen any until the last 6 or 7 years; that the improvements were put there by the defendants; that he first learned that plaintiff claimed the land at the trial and had never heard that he had any interest in it before that time. Defendant Felipe Herrera testified that the land in controversy was used as a common pasture for everybody and for the people who live on the grant.

Two other witnesses, Jesus Jaramillo and Jose Ignacio Lucero, testified that cattle had been pastured on the land for many years, and no one was prohibited from so pasturing the cattle. They never saw any fences, and it was common pasture.

Appellee maintains that he proved a perfect legal title to the land in question, but that, if the court does not agree with his conclusions in that respect, he argued that he acquired title to the property in question by color of title, 10 years' adverse possession, and the payment of taxes under section 3365, Code 1915. It is conceded by both counsel that the general rule applies to this case, and that plaintiff must recover on the strength of his own title, and not upon the weakness of his adversaries, and that the equally well known rule also applies that, where no legal title is shown in either party, the party showing prior possession in himself, or those through whom he claims, will be held to have the better right.

Under the rulings of the court when the case was tried below, the deeds from the commissioners to the defendants were rejected, and their title held to be a nullity. They were in effect mere trespassers under this holding of the court. If, therefore, the plaintiff had prior possession, he was entitled to hold it and to recover against the defendants in the suit under the principle of law too well known to need citation of authority that one showing the prior possession in himself can recover against a mere intruder or trespasser who enters without title, but the very basis of the plaintiff's possession is the point which is contested in this case. He and his witnesses testified as to his possession. The defendants and their witnesses testified to a diametrically opposite state of facts, and the question for our consideration at this time is whether the court erred in instructing a verdict in the plaintiff's

favor when the record discloses such a conflict of testimony as is here shown. We are not called upon to decide whether or not the plaintiff proved a perfect title under Sections 3364 or 3365, Code 1915, nor whether he obtained title by adverse possession under the laws of this state or not; neither are we called upon to decide whether the court properly or improperly rejected the deeds offered by the defendants as the basis of their claim to the land. The sole question is whether when the matter in issue is the prior possession of the plaintiff, and the evidence thereof is conflicting, the court can direct a verdict, for one side or the other, and not submit such question of possession to the jury. We are of the opinion that this cannot be done. That, where neither party to an action in ejectment shows legal title in himself, and the prior possession of the plaintiff and those through whom he claims is a matter upon which there is a conflict in the evidence, the court cannot properly direct a verdict, but the case should be submitted to the jury.

For the reasons above stated, the case is reversed, with instructions to award a new trial; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this decision.