301 P.2d 527

D. M. HALLMARK, Plaintiff-Appellant,

v.

Margarito A. BACA, Defendant-Appellee.

No. 6084.

Supreme Court of New Mexico.

Sept. 14, 1956.

Donald A. Martinez, Las Vegas, for appellant.

Roberto L. Armijo, Las Vegas, for appellee.

KIKER, Justice.

In this case plaintiff filed suit alleging that he was the owner of certain lands as described in the complaint. He further alleged that he and his predecessors in title had been in open, notorious and adverse possession of said lands as enclosed in all parts by fence, except on the east, and in that part by a precipitous cliff, a canyon wall. The cliff and the fence served to keep cattle both in and out of the land within the enclosure.

Plaintiff further stated that defendant had entered upon said lands and was building a fence across a portion of the same so as to cut off an area to possession of which plaintiff was entitled.

For answer, defendant denied all allegations of plaintiff's complaint except that he, defendant, had recently purchased a tract of land. The defendant did not plead affirmatively in any manner whatever.

The facts of this case are that plaintiff, as tenant of one Helm, occupied the lands enclosed by fence and canyon wall for a period of two years, at the end of which time plaintiff purchased the lands from Helm. Thereafter plaintiff continued to occupy the entire tract so enclosed until defendant entered upon a portion of the land, straightening up an old fence which at one time had existed across the property so occupied by plaintiff. There is no dispute that for more than 10 years plaintiff and his predecessors in title had occupied all lands enclosed as above stated.

At the close of plaintiff's case, defendant moved to dismiss on the ground there was a fatal variance between the testimony given by the witnesses and the allegations stated in the complaint. After some argument, the court took this motion under advisement and at a later date entered an order sustaining the motion. Judgment followed and plaintiff has appealed.

The defendant, after making his motion to dismiss, and before the court had ruled

on the motion, called the plaintiff as an adverse witness, but there was no change in his testimony. The defendant Baca then testified as to the value of building a fence such as that which defendant undertook to put across the lands enclosed as above stated. What became of the fence which defendant started to put across the lands occupied by plaintiff or actually did put across them is not shown by the record. Whether plaintiff took the posts and wire and put them to his own use, the record does not show. As far as we know from the record, the fence might have been torn down and left in the condition it was before the defendant had restored this old fence to the position which it had at one time occupied.

On the strength of the testimony of the defendant Baca, which was not objected to by plaintiff and which had no pleading for its support, the court entered judgment against plaintiff for $186 for the value of the fence.

Another fact which the record does not show is whether defendant had any right whatever to enter upon the tract of land enclosed as above stated. As far as we know from the record, defendant may be a mere trespasser upon property the possession of which plaintiff had taken lawfully.

■ In this situation we dispose of the matter of damages awarded by the judgment by saying there is nothing in the record which justified the entry of any judgment for damages in favor of defendant and against plaintiff and on that account there must be a reversal.

■ The matter of any right of ownership became of no importance by reason of a statement made by plaintiff's attorney just before defendant took the testimony of plaintiff and of Mr. Baca. Plaintiff's attorney explained to the court that his theory was the suit called upon the court to determine by declaratory judgment the possessory rights to the tract of land enclosed above as between plaintiff and defendant. Then plaintiff's attorney stated:

"I believe that as it turns out, neither one of them actually have the title to it and we are not seeking to acquire title to this property. All we are seeking to do is determine is (sic) whether the Defendant was right in ousting the Plaintiff of his possession; or Plaintiff, by virtue of his prior possession of that property was entitled to continue in possession of it until the rightful owner would oust him."

In the brief filed in this court by plaintiff, as appellant, plaintiff stated with reference to the tract which defendant's fence would have cut off: "Appellant is willing to concede that it probably lies outside of the survey description." Plaintiff argues at considerable length that he is entitled to hold possession of the entire tract enclosed

by the fence and canyon wall until ousted by one showing a better right of possession.

There is some doubt whether this question was before the court at the close of the case since it appeared that plaintiff had on his own account restored himself to possession by tearing down the fence rebuilt by defendant. It does not appear that defendant was doing or threatening to do anything to regain possession of any portion of the tract. The consideration of these facts doubtless brought about the ruling of the trial judge.

It follows that we should probably say nothing about this proposition, but a brief declaration may serve to bring about that which it seems to us clearly should result. By doing a little surveying, if that is necessary, and by the exhibition to plaintiff by defendant of any claim of title or other right of possession to any part of the tract in question, the parties ought to be able to settle for themselves the right of possession. We say, however, that plaintiff is right in his declaration that he is entitled to hold possession until ousted by someone showing a better right thereto, Romero v. Herrera, 27 N.M. 559, 203 P. 243; 1 Am.Jur. "Adverse Possession", §§ 6, 15.

For the reasons above stated the judgment of the lower court should be reversed and the cause remanded to the district court with directions to permit the parties to make such amendments to their pleadings as they may desire and to grant a new trial. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.