761 P.2d 432

**Juan Antonio BLEA and Annie Quintana, Plaintiffs–Appellees,**

v.

**George SANDOVAL, Sr., Defendant–Appellant.**

No. 9717.

Court of Appeals of New Mexico.

April 26, 1988.

Certiorari Denied Aug. 8, 1988.

Roberto L. Armijo, Las Vegas, for plaintiffs-appellees.

Santiago "Jaime" R. Chavez, Lopez, Chavez & Graham, P.C., Taos, for defendant-appellant.

## OPINION

ALARID, Judge.

Plaintiffs filed an action to eject defendant from certain lands to which they claimed ownership. Defendant moved to dismiss or for judgment on the pleadings. That motion was denied. After a non-jury trial, the trial court held that defendant had no right to be in possession of the property and that plaintiffs did have such right. Accordingly, plaintiffs' claim in ejectment was granted and defendant's counterclaim to quiet title was denied. Defendant appeals the trial court's refusal to dismiss plaintiffs' claims, and the court's grant of the ejectment claim. He does not appeal the court's denial of his counterclaim. We reverse.

FACTS

George and Felicita Sandoval moved onto the subject property in approximately 1944, after they were married. At the time, the property was allegedly owned by Felicita's family. The Sandovals and their family were the only people in possession of the property for over forty years, and George remained in possession at the time this lawsuit was filed. While the Sandovals were living on the property, Felicita attempted to buy it from one of her uncles. She paid him $300, but no deed was ever given to the Sandovals. Plaintiffs paid the taxes on the property.

In 1982, plaintiffs and plaintiff Quintana's daughter filed a quiet title action naming George, Felicita and several other people as defendants. Although George defaulted in the prior action, Felicita defended and filed a counterclaim to quiet title in herself. In a non-jury trial, the trial court dismissed both plaintiffs' claims against Felicita with prejudice, and Felicita's counterclaim with prejudice. One week later, the trial court issued a judgment defaulting George and the other defendants except Felicita, and quieting title to the other defendants' interests in the property in plaintiffs. Plaintiffs appealed the trial court's decision regarding their claims against Felicita to the supreme court, which issued a non-published decision affirming the judgment.

Felicita died in May 1985, shortly after the supreme court decision was filed. Plaintiffs immediately filed the instant action, seeking to eject George from the property. George answered and moved to dismiss the complaint, or alternatively, for judgment on the pleadings, claiming that the prior decision in the quiet title action was res judicata and barred plaintiffs' action. The trial court, after reviewing the pleadings in the earlier case, denied the motion to dismiss. The court issued an order to that effect, and included language stating that there was "no just cause for delay" and that the order should be filed immediately.

After a non-jury trial, the trial court issued a letter decision containing what we interpret as findings of fact and conclusions of law, although they were not denominated as such. Pursuant to that decision, a judgment was entered on October 14, 1986, granting plaintiffs' claim for ejectment.

DISCUSSION

■ Plaintiffs raise two procedural arguments to preclude our consideration of defendant's appeal. First, they argue that the order denying the motion to dismiss was a final appealable order because it contained the "no just cause for delay" language. Since defendant did not appeal from that order within thirty days of its entry, plaintiffs contend that he is barred from appealing that denial now. This contention, however, is without merit. SCRA 1986, 1–054(C)(1), provides that "when more than one *claim for relief* is presented in an action, * * * the court may enter a final judgment as to one or more but fewer than all of the *claims* only upon an express determination that there is no just reason for delay." (Emphasis added.) The court's denial of the motion to dismiss was not a final judgment as to any of plaintiffs' or defendant's claims. The order did not dismiss any of those claims, but merely disposed of an issue affecting those claims. Therefore, it was not a final appealable order. *See Graham v. Cocherell*, 105 N.M. 401, 733 P.2d 370 (Ct.App.1987). Accordingly, defendant's appeal from the denial of the motion to dismiss was neither waived nor untimely.

■ Second, plaintiffs argue that defendant's failure to submit findings of fact and conclusions of law precludes this court from reviewing the trial court's decision ejecting defendant and entitling plaintiffs to possess the property. We recognize that the failure to submit findings of fact and conclusions of law precludes a review of the evidence on appeal. *Smith v. Maldonado*, 103 N.M. 570, 711 P.2d 15 (1985); *see* SCRA 1986, 1–052(B)(1)(f). However, this merely prevents us from reviewing the factual basis of any findings the trial court may have made. This court may still review the trial court's decision to determine whether it is legally correct, and whether it

is supported by findings of fact, if any, made by the trial court. *Smith v. Maldonado.* Defendant predicated his motion to dismiss on the assertion that the prior judgment was res judicata to plaintiffs' claims in this case. The effect that judgment has, or should have had, on this case is a legal question that does not require a review of the facts. Similarly, we may review the effect of that prior judgment on the trial court's determination that plaintiffs are now entitled to possession of the property, because it is also a legal issue which does not require a review of the evidence. If, on the other hand, defendant had argued that the trial court's judgment was not supported by the facts adduced at trial, review of that claim would be prohibited. *See Martinez v. Martinez,* 101 N.M. 493, 684 P.2d 1158 (Ct.App.1984). Defendant has raised no such evidentiary issue, and we may address only the issues he has raised. *See Smith v. Maldonado.*

■ Although defendant contends that the judgment in the quiet title action was res judicata to plaintiffs' claims in the ejectment suit, the applicable doctrine is collateral estoppel. The quiet title action was a completely different cause of action than plaintiffs' ejectment claim, although one of the ultimate facts necessary for the decision in each case was the extent of plaintiffs' ownership or possessory interests. When a subsequent suit involves a different cause of action than the prior suit, collateral estoppel should be applied to determine which issues plaintiffs or defendants may not relitigate. *See Adams v. United Steelworkers of Am.,* 97 N.M. 369, 640 P.2d 475 (1982); *Thompson v. Barngrover,* 101 N.M. 216, 680 P.2d 356 (Ct.App. 1984). Applying collateral estoppel principles, we hold that the prior judgment in the quiet title action precludes plaintiffs from claiming superior title to defendant and, thus, that plaintiffs should not have prevailed in their action for ejectment.

## EFFECT OF DEFENDANT'S DEFAULT IN PRIOR ACTION

■ In an ejectment action, the plaintiff must win on the strength of his own title, not on the weakness of defendant's title. *See Romero v. Herrera,* 27 N.M. 559, 203 P. 243 (1921); *see also Burke v. Permian Ford–Lincoln–Mercury,* 95 N.M. 314, 621 P.2d 1119 (1981) (the very foundation of the right to maintain an action of ejectment is the plaintiff's right to possession of the premises). A party in possession of land is entitled to remain in possession until ousted by one having a better title than the party in possession. *Hallmark v. Baca,* 61 N.M. 420, 301 P.2d 527 (1956); *Harrison v. Gallegos,* 13 N.M. 1, 79 P. 300 (1905). Accordingly, where no legal title is shown in either party, the party showing prior possession in himself, or those through whom he claims, will be held to have the better right to possession. *Sandoval County Bd. of Educ. v. Young,* 43 N.M. 397, 94 P.2d 508 (1939); *Romero v. Herrera.*

Plaintiffs claim, and the trial court agreed, that the default judgment entered against defendant in the prior quiet title action quieted title to defendant's interest in the property in plaintiffs. Hence, plaintiffs contend that they have superior title to defendant and are thus entitled to eject him. It is therefore crucial to determine whether defendant's default in the prior action has collateral estoppel ramifications.

There is ample authority for the proposition that a default judgment has no collateral estoppel effect. *See* Restatement (Second) of Judgments § 27e, at 257 (1982); *Grip-Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466 (7th Cir.1982), *cert. denied,* 461 U.S. 958, 103 S.Ct. 2430, 77 L.Ed.2d 1317 (1983); *In re McMillan,* 579 F.2d 289 (3d Cir.1978); *Lynch v. Lynch,* 250 Iowa 407, 94 N.W.2d 105 (1959). The Restatement formulation and the foregoing cases recognize that default judgments do have res judicata effect, but distinguish collateral estoppel from res judicata. The basis of the distinction is the doctrine that res judicata bars consideration, in a subsequent suit, of all matters that could properly have been raised in the prior case, while collateral estoppel bars consideration only of issues actually litigated and determined by a valid and final judgment. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99

S.Ct. 645, 58 L.Ed.2d 552 (1979); *In re McMillan; Romero v. State,* 97 N.M. 569, 642 P.2d 172 (1982). The Restatement and the foregoing federal cases recognize that in a default judgment, the issues are not actually litigated. The Restatement also states that the policy of preventing endless litigation does not apply as strongly in the collateral estoppel context as it does when parties are repeatedly attempting to relitigate the same cause of action. Hence, while it may be proper to accord res judicata effect to a default judgment, it is not appropriate to give such a judgment collateral estoppel effect. When an issue is disposed of by default, there has been little expenditure of judicial resources or the parties' resources; thus, it is not unfair to allow the defaulting party an opportunity to actually litigate the issue in a subsequent *different* cause of action.

We recognize that there is contrary authority to the foregoing position. *See Ortega v. Board of County Comm'rs,* 683 P.2d 819 (Colo.App.1984); *Quality Sheet Metal Co. v. Woods,* 2 Haw.App. 160, 627 P.2d 1128 (1981). These cases hold that a default in a prior action precludes relitigation of issues that might have been, but were not properly litigated in that action. The preclusion applies even though the subsequent lawsuit is based on a different cause of action than the first. Colorado and Hawaii courts thus do not distinguish between res judicata and collateral estoppel when determining what issues are precluded by a decision in a prior lawsuit. These two jurisdictions apparently apply a blanket proscription against raising any issue that might have been litigated in a prior case, even in collateral estoppel situations. *See Ortega v. Board of County Comm'rs; Quality Sheet Metal Co. v. Woods.*

New Mexico courts, on the other hand, explicitly distinguish res judicata from collateral estoppel. *Torres v. Village of Capitan,* 92 N.M. 64, 582 P.2d 1277 (1978). Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a subsequent suit involving the same parties or their privies based on the same cause of action. *Id.* Under the doctrine of collateral estoppel, the second action is upon a different cause of action and the judgment in a prior action precludes relitigation of issues actually litigated and necessary to the outcome of the first action. *Edwards v. First Fed. Sav. & Loan Ass'n,* 102 N.M. 396, 696 P.2d 484 (Ct.App.1985) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Collateral estoppel differs from res judicata in that the issue to be estopped must actually have been litigated, whereas res judicata bars relitigation of any issue which was, or might have been, litigated in the first suit. *Romero v. State,* 97 N.M. 569, 642 P.2d 172 (1982). Moreover, collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit. *Silva v. State,* 106 N.M. 472, 745 P.2d 380 (1987). In New Mexico, we recognize that default judgments do not have collateral estoppel effect in future litigation, although they may have res judicata effect.

The only New Mexico case directly addressing this issue was decided in the res judicata context. In *First State Bank v. Muzio,* 100 N.M. 98, 666 P.2d 777 (1983), the supreme court specifically distinguished collateral estoppel from res judicata noting that *Muzio* involved res judicata. The court held that a prior default judgment bars a subsequent suit on issues that were, or could have been, determined in the earlier action. *Muzio* thus comports with the distinction that New Mexico and other jurisdictions make regarding the effect of the application of res judicata or collateral estoppel to issues that were not actually litigated. In accordance with this distinction, we hold that a default judgment has no collateral estoppel effect. Therefore, defendant in this case was not estopped from claiming equivalent or superior title to plaintiffs as a defense to their ejection action.

## EFFECT OF DISMISSAL WITH PREJUDICE OF QUIET TITLE ACTION

Plaintiffs and defendant's deceased wife, Felicita, actually litigated the issue of title to the property. The result of that litigation was a dismissal with prejudice of plaintiffs' claims against Felicita and a dismissal with prejudice of her claims. We must

now determine whether that judgment has any effect on plaintiff's ejectment action.

█ Where multiple defendants are involved in a single suit, and some of those defendants default, the defaulting defendants are entitled to take advantage of a successful defense interposed by the non-defaulting defendants. *See United Salt Corp. v. McKee*, 96 N.M. 65, 628 P.2d 310 (1981); *see also State ex rel. Everett v. Sanders*, 274 Or. 75, 544 P.2d 1043 (1976). This doctrine applies unless the defense interposed was personal to the non-defaulting defendant. *See City of Albuquerque v. Huddleston*, 55 N.M. 240, 230 P.2d 972 (1951); *see also* Annotation, *Successful Defense by One Codefendant, or a Finding for "Defendants," as Inuring to Benefit of Defaulting Defendant*, 78 A.L.R. 938 (1932). It is widely accepted that when there are multiple parties involved in a single suit, entry of a default as to one party will not result in a default judgment prior to termination of the matter with the non-defaulting parties, *Nichiro Gyogyo Kaisha, Ltd. v. Norman*, 606 P.2d 401 (Alaska 1980); 47 Am.Jur.2d, *Judgements* Section 1160 at 189 (1969).

█ This theory is especially germane here since plaintiffs failed to prove any sort of title in their quiet title action. Therefore, they should not have been allowed to obtain a default judgment quieting title to any part of the property. In a quiet title action, a plaintiff must recover on the strength of his own title or not at all. *Blumenthal v. Concrete Constructors Co.*, 102 N.M. 125, 692 P.2d 50 (Ct. App.1974). Plaintiffs should not have been allowed to obtain a default judgment against defendant, whose ownership and possessory interests were equal to those of his wife, who successfully defended against the quiet title action. Therefore, Felicita's successful defense against that action inured to defendant's benefit. *Cf. City of Albuquerque v. Huddleston.*

█ As noted, collateral estoppel is the correct theory to apply here, where there is an allegation that plaintiffs are attempting to litigate an issue already decided in an earlier different cause of action. Before a judgment may be given collateral estoppel effect, four conditions must be met: first, the parties in the second suit must be the same or in privity with the parties in the first suit; second, the causes of action must be different; third, the issue or fact must have been actually litigated in the first case; and, fourth, the issue must have been necessarily determined in that case. *International Paper Co. v. Farrar*, 102 N.M. 739, 700 P.2d 642 (1985). Here, plaintiffs and defendant were both parties to the prior suit, and defendant, through Felicita, successfully litigated the question of plaintiffs' lack of title to the property. In addition, the cause of action in the first case was to quiet title, and the cause of action here is in ejectment. Therefore, the first three requirements for the application of collateral estoppel have been met. Plaintiffs contend that the judgment in the prior case was not a judgment on the merits, and that, accordingly, the issues in that case were never determined. This contention is not reconcilable with the facts.

█ Plaintiffs maintain that the judgment in the quiet title case was entered because both sides failed to file proposed findings of fact and conclusions of law as requested by the trial court, and thus was not a decision on the question of their title to the property. However, the trial judge, in asking that the parties submit those pleadings, stated that he had serious questions about either parties' title to the property. The judgment entered in that case stated that the court heard evidence and arguments of counsel, considered the parties' trial briefs, and was otherwise informed in the premises. The judgment does document the parties' failure to file the requested findings of fact and conclusions of law, but even on its face, it does not rest solely on the parties' noncompliance with the court's request. Moreover, after the judgment was entered, plaintiffs attempted to have it set aside. In denying plaintiffs' motion, the trial court stated, "the Court obviously, as shown by its Decision, didn't think that either the plaintiff [sic] or defendant established title to the property." Later, the court reiterated: "Because of the Court's Judgment and the proof that has been submitted to the Court, Mr. Armijo, I am going to deny your mo-

tion at this time." Oral comments of a trial court may be used to explain the trial court's theory, although they may not be used to overturn a finding made by that court. *See Chapman v. Jesco, Inc.*, 98 N.M. 707, 652 P.2d 257 (Ct.App.1982); *cf. Ledbetter v. Webb*, 103 N.M. 597, 711 P.2d 874 (1985). Similarly, the trial court's comments in this case clarify the bases of the court's judgment. The judgment itself, buttressed by the comments of the trial judge, demonstrates that the decision in the prior case was a decision on the merits, and that it actually determined the issue of title to the property.

Since all of the requirements for the application of collateral estoppel were met, the prior judgment may be used to determine the issue of title in this case. The prior judgment established that neither plaintiffs nor defendant have title to the property. It is well-established that where no legal title is shown in either party, the party showing prior possession in himself, or those through whom he claims, will be held to have the better right to possession. *Romero v. Herrera; see also Hallmark v. Baca* (where plaintiff and his predecessors had occupied land for more than ten years, plaintiff was entitled to possession until ousted by someone showing better right thereto). The prior judgment, therefore, precludes plaintiffs from claiming title to the property, and accordingly, precludes them from ejecting defendant. Based on the application of collateral estoppel, defendant's motion to dismiss should have been granted. Because of our resolution of this issue, we need not address the other issue defendant raised on appeal.

Pursuant to the foregoing, the judgment in ejectment is hereby reversed and the case is remanded with instructions to dismiss plaintiffs' action. No costs are awarded.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.