This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **NO. 27,589**

**RUDY B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**M. Monica Zamora, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alavarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Juvenile Law Center
Marsha Levick
Neha Desai
Jessica Feierman
Philadelphia, PA

for Amicus Curiae

**MEMORANDUM OPINION**

**FRY, Judge.**

**{1}** This matter was remanded to us for consideration of whether Child's separate convictions for shooting from a motor vehicle resulting in great bodily harm and aggravated battery with a deadly weapon violate constitutional protections against double jeopardy. We assigned this case to the summary calendar. In our notice of proposed summary disposition, we proposed to conclude that Child's convictions violated his constitutional right to be free from double jeopardy due to our Supreme Court's recent decision in *State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. [CN 2] The State has filed a memorandum in opposition, which we have duly considered. Because we do not find it persuasive, we reverse.

**{2}** The State argues that the holding in *State v. Dominguez*, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563, that convictions for shooting at or from a motor vehicle and aggravated battery do not violate double jeopardy protections, was not overruled by *Montoya*. *See id.* ¶ 17; *Montoya*, 2013-NMSC-020, ¶ 54. [MIO 5] While we acknowledged in our calendar notice that the precise scope of *Montoya*'s overruling of *Dominguez* was certainly unclear, we interpreted the Supreme Court's mandate in this case to permit this Court to conclude that *Montoya*'s reasoning not only invalidated *Dominguez*'s holding that convictions for voluntary manslaughter and

shooting at or from a motor vehicle arising from unitary conduct do not violate double jeopardy, but also its holding that convictions for aggravated battery and shooting at or from a motor vehicle do not violate double jeopardy. [CN 6-7] Accordingly, we are unpersuaded by the State's argument that *Dominguez* should control our decision in this case.

{3}     The State further argues that this Court does not have jurisdiction to review this issue because Child did not petition our Supreme Court to review the double jeopardy issue. [MIO 14] The State's argument essentially contends that Child waived his right to review of this issue. However, "[t]he defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." NMSA 1978, § 30-1-10 (1963). Accordingly, we conclude that this issue is properly before this Court.

**CONCLUSION**

{4}     For the foregoing reasons, we conclude that Child's convictions violate his right to be free from double jeopardy and remand to the district court for proceedings consistent with this opinion.

{5}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

3

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**