This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PORTO PLUMBING LLC,**

Plaintiff-Appellee,

**v.**                                                                                                    **No. 35,048**

**NEXT LEVEL PLUMBING CORP.,**

Defendant,

**and**

**MARK E. BAKER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Rammelkamp Muehlenweg & Cordova, P.A.
Robert J. Muehlenweg
Albuquerque, NM

for Appellee

Mark E. Baker
San Diego, CA

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Mark E. Baker appeals an order confirming an arbitration award. Our notice of proposed summary disposition addressed various issues raised in Mr. Baker's docketing statement and proposed to affirm. [CN 6] Mr. Baker has filed a memorandum in opposition to that disposition challenging only this Court's conclusion that the arbitration award at issue sets forth findings of fact and conclusions of law. [MIO 2-3] As Mr. Baker's memorandum does not respond to our proposed disposition on any other issues raised in the docketing statement, those issues are deemed abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306.

**{2}** The sole remaining issue is whether the final arbitration award complied with the arbitration agreement's requirement that an award "be accompanied by a written opinion setting forth the findings of fact and conclusions of law relied upon in reaching the decision." [RP 184 (¶ 16)] In arguing that it did not, Mr. Baker points to the award's introductory recitation that "[w]hile the following decision offers a factual background and conclusions, such do not constitute findings of fact or conclusions of law." [RP 234] Based upon that recitation, Mr. Baker's memorandum in opposition

asks how this Court could "state that the document did have finding[s] of fact and conclusions of law." [MIO 2]

{3}    We note, initially, that in the context of judicial findings and conclusions, this Court is not generally bound by a lower court's characterization of its findings and conclusions. *See Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005-NMCA-051, ¶ 15, 137 N.M. 524, 113 P.3d 347. Thus, for instance, when a lower court purports to make factual findings that are actually conclusions of law, it is for this Court to properly categorize that court's rulings and apply the correct standard of review on appeal. *See id.* (noting that a district court "finding" was actually a legal conclusion and treating it as such); *see also Wood v. City of Alamogordo*, 2015-NMCA-059, ¶ 15 n.2, 350 P.3d 1185 (rejecting a party's characterization of legal conclusions as factual matters). Even if a decision does not explicitly state that it contains findings of fact and conclusions of law, we may interpret the decision as containing findings and conclusions. *See Blea v. Sandoval*, 1988-NMCA-036, ¶ 5, 107 N.M. 554, 761 P.2d 432 (construing a district court's letter decision as containing "findings of fact and conclusions of law, although they were not denominated as such").

{4}    In this case, instead of judicial findings and conclusions, we are asked to consider the findings and conclusions of an arbitrator acting pursuant to an arbitration

agreement. This is not new territory for this Court. We consider the findings of arbitrators, for instance, when assessing whether such findings should preclude further litigation of an issue. *See Rex, Inc. v. Manufactured Hous. Comm.*, 1995-NMSC-023, ¶ 14, 119 N.M. 500, 892 P.2d 947 (discussing the potential preclusive effect of findings made in arbitration). It is possible that the introductory recitation in the arbitration award at issue in this case is intended to disclaim any such preclusive effect. But regardless of the intended effect of that disclaimer, the question raised in this appeal is purely a contractual question of whether the form of that award complied with the arbitration agreement's "findings of fact and conclusions of law" requirement. [RP 184] And, in assessing that question, the relevant inquiry is whether the award contains such findings and conclusions and not whether the award says that it does or does not do so.

{5}    In other words, the question raised by Mr. Baker's appeal is not whether the arbitrator *purported* to be making findings of fact and conclusions of law but whether the arbitration award *actually set forth* the findings and conclusions relied upon by the arbitrator. Toward that end, we note that, although the arbitration award in this case purports not to contain "findings of fact or conclusions of law," that same award then proceeds to set forth multiple factual findings and to draw legal conclusions from those facts. [RP 234-36] As our calendar notice pointed out:

4

The award includes detailed finding[s] regarding the execution of an asset purchase agreement that was accompanied by a promissory note and security agreement, and the parties' subsequent conduct surrounding the agreement and note. [RP 234-35] The award also arrives at conclusions of law, drawn from the facts, that Plaintiff perfected its interest in the collateral underlying the parties' transaction, that Defendants defaulted on their obligations by failing to make payments under the note, that Defendants failed to prove necessary elements of their counterclaims—including damages—and that an award in favor of Plaintiff was proper. [RP 234-36]

[CN 5]

{6} Mr. Baker's memorandum in opposition makes no effort to explain how the above-described findings and conclusions are in any way deficient or fail to comply with the arbitration agreement's requirement that an award "be accompanied by a written opinion setting forth the findings of fact and conclusions of law relied upon in reaching the decision." [RP 184] We also note that Mr. Baker makes no effort to explain what findings or conclusions are missing from the arbitration award or how he is harmed in any way by the purported absence of such findings or conclusions.

{7} Ultimately, because Mr. Baker is opposing a notice of proposed summary disposition, he has the burden to "come forward and specifically point out errors of law and fact." *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. The introductory recitation in the arbitration award does not change the fact that the award, itself, sets forth nearly two pages of factual

5

findings and legal conclusions, all of which appear to have been relied upon in reaching a decision. Because we are not persuaded that the form of the arbitration award constituted a breach of the arbitration agreement, we conclude that the district court properly confirmed the award. The district court's order confirming the arbitration award and judgment is affirmed.

{8}     **IT IS SO ORDERED.**


                                        _____
                                        **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**STEPHEN G. FRENCH, Judge**