## RIPINSKY v. HINCHMAN et al.

(Circuit Court of Appeals, Ninth Circuit. March 9, 1911.)

### No. 1,782.

APPEAL AND ERROR (§ 852*)—QUESTIONS PRESENTED FOR REVIEW—PLEADINGS.
Where the complaint in a suit to determine an adverse claim to an application for a patent to land in Alaska for trade purposes, under Act May 14, 1898, c. 299, § 10, 30 Stat. 413 (U. S. Comp. St. 1901, p. 1469), was several times amended, and so changed as to convert the cause into a simple suit in equity to remove a cloud from title, and such amended complaint was the only one appearing in the record on appeal, the appellate court can only consider the cause of action as therein stated.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 852.*]

On rehearing. Reversed and remanded.

For former opinion, see 181 Fed. 786.

J. H. Cobb and R. W. Jennings, for appellant.

L. P. Shackleford, Alfred Sutro, and H. D. Pillsbury, for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. Since the decision was rendered in this cause, counsel for appellees have filed a petition for rehearing, based principally upon the ground that the court failed to take into account the Alaska statutes applicable to procedure in the determination of adverse claims to the purchase of public lands occupied for trade purposes within the territory. Counsel frankly state that they failed to call the court's attention to the statutes, and no note was made of them in the opinion. The complaint, which is found in the record, is set out, in effect, in the opinion rendered, and appears to be the ordinary suit in equity for the determination of an adverse claim to real property—nothing more. It is now claimed by counsel that the suit was in reality instituted, under the Alaska statutes, for the determination of an adverse claim to application for purchase of land occupied for trade purposes, and for patent thereto, and in proof of that fact they have appended a copy of the original complaint filed in the cause. It is not shown when the complaint was filed, but it appears to have been verified on July 2, 1906.

The statutes referred to provide, in substance, that a citizen of the United States is entitled to purchase 80 acres of land, occupied for the purposes of trade, and that he is required to make proof thereof in support of his application to purchase, which shall be filed with the surveyor general, who shall thereafter file certified copies of such proof in the United States land office in the land district in which the claim is situated. The applicant is thereupon further required to publish notice of such claim, and post a copy thereof upon the land, for at least 60 days. If any person has an adverse interest or claim to the tract of land involved, he must file in the land office an adverse claim, setting forth the nature and extent of his demand, within such 60 days' publication of notice or 30 days thereafter; and within 60 days after such filing of adverse claim, he is required to institute an action in the proper district court of Alaska to quiet the title to such claim. Section 10 of an act for extending the homestead laws to the District of Alaska, adopted May 14, 1898 (30 Stat. 409, 413 [U. S. Comp. St. 1901, p. 1469]). The procedure provided for in this section has since been made applicable to the acquirement of homesteads in Alaska. Act March 3, 1903, 32 Stat. 1028 (U. S. Comp. St. Supp. 1909, p. 549).

It appears from the original complaint that the complainants attempted to pursue the requirements of these statutes, and that it was the endeavor to settle an adverse claim to the claim of the defendant Ripinsky in pursuance thereof. Among other things, it is shown that Ripinsky filed his application for patent on the 2d day of March, 1906, and thereafter published notice; and on June 3, 1906, and within 30 days after the period of publication of said notice, the plaintiffs filed in the land office their notice of adverse claim, a copy of which is annexed to the complaint. If that complaint was filed immediately after the date of its verification, the action would have been commenced within the requisite 60 days; so that for all the purposes of prosecuting an action for the quieting of the title as adverse claimants, under the statutes (section 10), the complaint appears to be sufficient.

However, this complaint was thrice amended, and it is perfectly manifest that counsel completely changed their theory as it respects the cause of suit, because it is apparent from the third amended complaint that the proceeding was resolved into a simple equitable suit for the determination of an adverse claim to title, having no relation whatever, by reference or otherwise, to the statutes. Thus, in the determination of the cause, this court considered the complaint as found in the record, and could render no different decree from that which was resolved upon.

Nor can it now, without a reformation of the pleadings, do more than to modify it, so that the cause may be remanded to the court below for such other proceedings as to that court may seem proper; and such will be the order of the court.