same as required by the act. This conclusion is strengthened by referring to the use of the word "failure" in the latter part of the act, which word manifestly refers only to making and filing the assignment of errors. The motion to strike from the files the assignment of errors and to affirm the judgment is therefore denied; and it is so ordered.

HANNA, J., and MECHEM, District Judge, concur.

---

[No. 1797, January 11, 1916.]
[On Motion for Rehearing, April 19, 1916.]
WILKERSON v. BADARACCO.

### SYLLABUS BY THE COURT.

1. Where there is substantial evidence to support a finding, this court will not disturb the same.

P. 518

2. It is a general rule that the statute of limitations must be invoked as a defense in some way, and if it is not urged by demurrer, and the defense is not pleaded in the answer, the statute cannot be relied upon, but must be deemed to have been waived.

P. 519

Appeal from District Court, Bernalillo County; M. C. Mechem, Judge.

Action by Thomas N. Wilkerson against Joe Badaracco. From a judgment for plaintiff, defendant appeals. Affirmed.

PIERCE & PIERCE of Albuquerque, for appellant.

T. N. WILKERSON of Albuquerque, for appellee.

## OPINION OF THE COURT.

HANNA, J.—This is a case begun in the justice of the peace court for precinct No. 26, Bernalillo county, N. M., by one T. N. Wilkerson, an attorney at law, against Joe Badaracco, for $200 alleged to be due for legal services rendered by the plaintiff for the defendant in a number of lawsuits covering a period of time from 1909 to 1913. The defendant filed an answer and cross-complaint denying that he owed plaintiff anything, and alleging that plaintiff owed defendant $109.20, the proceeds of a collection made by plaintiff for the defendant, and not paid over to the defendant, and for $50 loaned by defendant to plaintiff. The justice found in favor of plaintiff, and defendant appealed to the district court, where a trial by jury was waived, and the case submitted to Hon. M. C. Mechem, district judge, sitting for Hon. H. F. Raynolds, the judge of that district. Testimony was introduced by both parties, and judgment given for the plaintiff in the sum of $121.50, from which judgment the defendant appealed.

[1] The first assignment of error presented by appellant is based upon a contention that the judgment was contrary to law because the plaintiff failed to prove any contract of employment, either express or implied. This contention is not borne out by the record, because it appears that the plaintiff testified that the defendant came up to his office once or twice a week to ask advice, and when he had a case he would come over, stating that he (the defendant) desired the plaintiff to attend to it, without stipulating as to when the plaintiff was to be paid. We believe that this testimony will support the finding by the court that during all the time from the date of the first item thereof until the last one of the account, upon which the suit is brought, the plaintiff attended to the law business of the defendant, and was the only attorney employed by the defendant. We are therefore not disposed to disturb the finding of the trial court in this respect, as we have uniformly held that where there is

substantial evidence to support a finding, this court will not disturb the same.

[2] The second assignment of error is predicated upon a conclusion of law found by the trial court, that an action by an attorney for legal services rendered in several distinct suits is an action upon an open current account. The appellant would limit the application of the term "open accounts" to commercial transactions, and contends that the term has no application to legal services rendered in different matters by an attorney in his relation to his client.

It is unnecessary to pass upon this assignment, because, even though the action of the trial court is erroneous, the error cannot be availed of by appellant, and no prejudice can result to him because of the fact that he failed to properly plead the statute of limitations as a bar to the action, as we are under the necessity of holding in passing upon the third assignment of error, which is next considered in this opinion.

The third assignment of error is based upon a finding by the court and a conclusion of law based thereupon, to the following effect:

"That there was no contract of employment between the plaintiff and the defendant whereby the plaintiff was to render to the defendant legal services for any stipulated time or for the plaintiff to represent the defendant in all litigation or in any particular class of litigation."

Upon which finding it is asserted the court concluded, as a matter of law, that the statute of limitations had not barred plaintiff's right of action for services rendered in litigation, in which the plaintiff appeared as counsel for defendant, that were fully determined prior to March 5, A. D. 1910, the date upon which the plaintiff began the present action in the justice of the peace court. It is argued by appellant that the plaintiff's right to compensation for services rendered in each case in which he appeared as attorney for defendant must rest on a contract, either express or implied, and that each case is a separate and distinct cause of action. We do not consider that

this assignment of error is available for appellant because the record discloses that he first attempted to raise the bar of the statute by a motion to strike all the testimony of plaintiff in regard to several claims included in the bill of particulars, upon the ground that they were barred. It is a general rule that the statute of limitations must be invoked as a defense in some way, and if it is not urged by demurrer, and the defense is not pleaded in the answer, the statute cannot be relied upon, but must be deemed to have been waived. 25 Cyc. 1401. This general rule is not without its exceptions, but our attention is not directed to any fact which would indicate that the general rule is not applicable to the facts in this case, and we do not consider that it can be argued that the general rule is not applicable.

For the reasons stated, the judgment of the district court must be affirmed, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

### ON MOTION FOR REHEARING.

HANNA, J.—The appellants move for rehearing upon the ground that this court overlooked the fact that the cause originated in the justice of the peace court, where there were no pleadings, and on appeal to the district court, was there tried on the same theory and with no pleadings. This contention is not well taken, because the record discloses that, as a matter of fact, there were pleadings; the answer and cross-complaint of the defendant, appellant here, being included in the record.

This court held, in the case of Board of Education of City of Santa Fé v. Astler, 21 N. M. 1, 151 Pac. 462, in which case the appellant answered in the justice of the peace court by a written pleading in which a certain defense was not referred to, that:

"While it is true, as contended by appellant's counsel, pleadings are not required in the justice of the peace court to be in writing, * * *and upon appeal the case is tried de novo in the district court, 'and the same rules shall govern in the district court in said trial that are prescribed for the

government of justices' courts,' * * * yet, where in such cases a defendant elects to file a written answer, he should be held to be confined to the issues he thereby tenders and to have abandoned such defenses as he fails to set out."

For the reasons stated, the motion for rehearing is denied.

ROBERTS, C. J., and PARKER, J., concur.