**GREVE v. GIBRALTAR ENTERPRISES, Inc.**

**Civ. A. No. 1460.**

United States District Court
D. New Mexico.

Aug. 11, 1949.

Norman N. Neel, Santa Fe, N. M., Bryan R. White and Lewis Grant, Newton, Davis & Henry, Denver, Colo., for the plaintiff.

H. A. Kiker, Santa Fe, N. M., Max D. Melville and Edward E. Pringle, Denver, Colo., for the defendant.

HATCH, District Judge.

Questions hereinafter discussed arise on defendant's motion for change of venue.

Plaintiff, John A. Greve, brought this action in the United States Court for the

District of New Mexico. He alleges a violation of the anti-trust statutes and prays judgment for three-fold recovery as provided in those laws. Plaintiff is a resident of Eagle, Colorado, and owns and operates moving picture theatres in various towns in Colorado. At one time he owned and operated the West Theatre at Craig, Colorado.

All the facts and circumstances which plaintiff claims give rise to his cause of action occurred in the State of Colorado.

The defendant, Gibraltar Enterprises, Inc., is a corporation organized under the laws of Colorado. Its principal place of business is in Denver, Colorado. All books and documents of both parties are probably located in Colorado. The witnesses who will be called will doubtless be residents of Colorado. Time, expense and travel will all be saved by a trial in the District of Colorado. Jurors of that district should have a far better understanding of conditions, circumstances and parties than would a New Mexico jury.

The defendant does own and operate at least one theatre in New Mexico. The transactions complained of are alleged to have been in interstate commerce. Defendant was found and served with process in New Mexico. There is no question but that the district court in New Mexico has jurisdiction and the venue is properly laid in this district. Motion is made under 28 U.S.C.A. § 1404(a).

Before discussing defendant's right to change the venue from the New Mexico court to the District Court for Colorado, plaintiff's reason for bringing his suit in New Mexico should be stated. Colorado has a two-year statute of limitations for actions of this nature. New Mexico has a four-year statute. Under the Colorado law, if it is valid, plaintiff's action would be barred. Under the New Mexico law, plaintiff contends it is not. Plaintiff's desire to avail himself of the more liberal New Mexico statute of limitations is not difficult to comprehend.

Notwithstanding the difference in the statutes of limitations in the two states, the defendant insists upon its motion to change the venue to the District of Colorado. The propriety of granting such motion is the sole question involved at this time.

Section 1404(a), Title 28, under which the motion is filed, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In light of the residence of the parties, the acts charged to have been in violation of the anti-trust laws and all circumstances alleged in the complaint, and the affidavit filed with the motion, it appears almost beyond dispute that it would be for the convenience of the parties and witnesses to transfer this cause to the District of Colorado. More than that, the Court is firmly of the opinion that with but one possible exception the case is one which should be tried in Colorado and it would be in the interest of justice to try the case in that district. That possible exception is, of course, the difference in the statutes of limitations of the two states. If there were no conflict in these laws, the Court would have ordered the change without any doubt whatever.

Before discussing the effect of a change of venue on the statutes of limitations of the two states, one preliminary question should be disposed of, as it also is important. In resisting the motion to change the venue, the plaintiff stoutly contends this court cannot change the venue to Colorado because plaintiff could not have brought his action in that district in the first instance. True, as plaintiff correctly argues, the statute permitting a change of venue only allows a change to a district "where it (the action) might have been brought." Because the statute of limitations under the Colorado law had run, plaintiff says he could not have brought his action in that state or district originally. Therefore, he argues, the venue cannot now be changed to the District of Colorado.

With plaintiff's contention in this regard the Court cannot agree. First, the Court believes the language of the statute, "where it might have been brought", relates primarily to venue and in a proper

case would include jurisdiction. It concerns plaintiff's right to institute the suit originally. It does not include problematical or possible defenses which might or might not be interposed by a defendant. To hold the Court must take into account any and all possible defenses which may or may not be pleaded and may or may not preclude recovery in determining where an action "might have been brought" would open such a Pandora's box of evils and difficulties, the wise purposes of the law would be well-nigh destroyed. The rule authorizing a change of venue would be rendered most difficult, if not impossible, of application.

The statute of limitations is a privilege which a defendant is not required to assert. He may interpose it or not at his own, and at no one else's pleasure. It may be waived or the defendant may be estopped by his acts or conduct to claim the privilege as a defense to plaintiff's cause. Not only can plaintiff bring an action on a cause barred by the statute of limitations, but under appropriate circumstances a plaintiff may recover and enforce a judgment on a claim so barred. That the defense must be asserted and may be waived or the defendant be estopped to claim the benefit of the statute hardly needs citation of authority. Such is the holding of the Colorado, New Mexico and federal courts. Among many opinions are: Wilkerson v. Badaracco, 21 N.M. 517, 157 P. 141; Adams v. Tucker, 6 Colo.App. 393, 40 P. 783; Burnet v. Desmornes y Alverez, 226 U.S. 145, 33 S.Ct. 63, 57 L.Ed. 159.

Indeed, during the oral argument defendant's counsel stated they were prepared to argue the Colorado statute of limitations is unconstitutional. While that question was not considered, it further indicates strong reason for confining the application of the words, "might have been brought" to plaintiff's right of action, rather than to enter into the wide field of speculation as to possible defenses which might have no legal basis whatever.

On this point, the Court holds an anticipated defense of the statute of limitations did not bar the plaintiff from instituting his suit in the District of Colorado. The instant case being one which might have been brought in Colorado, it may now be transferred to that district under the change of venue statute, if other conditions warrant such change.

While it has been indicated the transfer may be ordered and it would be to the convenience of the parties and witnesses to change the venue, there remains the all-important question as to whether such change would be in the interest of justice. The words, "in the interest of justice," must be given paramount consideration. Should other provisions be fully met, as they appear to have been met in this case, still if for any reason the interest of justice would not be served, a change of venue should not be granted. Any hesitation in changing the venue of this action arises because it would not be in the interest of justice to transfer a cause to a district where plaintiff's action would be barred by a local statute of limitations, assuming such action is not barred in the district where the suit was instituted.

Plaintiff supports his argument against the change with cases based on the former forum non conveniens rule. With those cases there can be no quarrel. Under the rule of forum non conveniens as it previously existed, a change of venue should not be granted in this cause. But is Section 1404(a) a mere restatement of the forum non conveniens rule? If this section provides for nothing more than was formerly the rule, its enactment gives no guide in cases such as prevail in the pending action. It appears clear the section under discussion does extend and enlarge the former rule of forum non conveniens. In light of recent decisions by the Supreme Court, these questions are no longer open to debate. United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955; Ex parte Collette, 337 U.S. 55, 69 S.Ct. 944, 959. As indicated by these and other decisions, the rule of forum non conveniens is extended and enlarged, and also it appears to have been vastly improved by the enactment of Section 1404(a). The parties seeking and obtaining a change

of venue now should no longer run the risks inherent in forum non conveniens procedure.

■ In state courts where laws authorize a change of venue, it has been held that the court to which the venue is changed takes the same jurisdiction existing in the court where the action was commenced. Hazen v. Webb, 65 Kan. 38, 68 P. 1096, 93 Am.St.Rep. 276. Also, it has been held that no party loses any substantial legal right by requesting and obtaining a change of venue. 67 C.J. 356 at p. 213; 56 Am.Juris. Sec. 78, at page 79; Hall v. Castleberry, Tex.Civ.App., 283 S.W. 581.

The foregoing authorities are not on the exact point involved here, but they may shed light on the general question of whether a court to which a change is made is circumscribed and limited by its own jurisdiction, or whether it takes the case with all the power possessed by the court where the cause originally arose.

■ It appears the rule should be that the legal rights of the parties are determined by the law of the state or district in which the cause originates. In other words, a change of venue affects the place of trial only. It could be held under Section 1404(a) that a transfer to another district is for the purpose of trial alone. It was not contemplated that a change under this section could or should deprive a plaintiff of a valid legal right existing in the forum in which he rightfully brought his action. The views thus expressed appear to be in keeping with the purpose of the new procedure. In such respect, the proceedings differ from the forum non conveniens rule which often dismissed the action in the original court and compelled the institution of a new suit in another district where plaintiff might meet and be subjected to hazards such as the running of a statute of limitations. It is believed that construing Section 1404(a) as authorizing a change for the purpose of trial and leaving the legal rights of the parties fixed as they were in the court of original choice will avoid such hazards and greatly add to the beneficial results of this section.

While the opinion announced appears reasonable, it is not necessary to base a change of venue in this case on those views of statutory construction alone, no matter how appealing such interpretation may be.

■ It has already been said that the defendant has answered and has pleaded the New Mexico statute and that defendant's counsel expressed willingness to present argument it is their belief the Colorado statute of limitations is unconstitutional. In answer to questions propounded by the Court, counsel unequivocally stated they did not intend to plead the Colorado statute and would not do so if motion for change should be granted. The direct and forthright answer of counsel giving positive assurance to the court that reliance would be had upon the New Mexico statute of limitations and not upon the Colorado statute is a major factor considered by the Court in ruling on the motion. Without such assurance, regardless of the views hereinbefore expressed, it is doubted whether the Court would have compelled plaintiff to run the risk of a complete bar to his action by what might be a misinterpretation of Section 1404(a). But in view of the assurance given by defendant's counsel, that hazard seems entirely removed.

Plaintiff's counsel expressed some fear that notwithstanding statements made in court, the trial court or an appellate court might in some manner apply the Colorado statute of limitations and bar plaintiff's suit. In such connection it only needs to be remembered that the plea of the statute of limitations is personal to the defendant. As hereinbefore stated, defendant may waive such privilege or he may be estopped from asserting it.

■ Waiver or estoppel could hardly occur under more solemn or binding circumstances than exist here. In open court, defendant agreed not to plead the Colorado statute of limitations. Acting at least in part on that assurance, the Court decided to grant defendant's motion for change of venue to the District of Colorado, as was announced at the conclusion of the oral argument.

For all the reasons stated, the motion for change of venue is sustained. An order granting such change may be prepared and entered.