230 P.2d 972

## CITY OF ALBUQUERQUE v. HUDDLESTON et ux.
### No. 5320.

Supreme Court of New Mexico.

April 21, 1951.

Rehearing Denied May 24, 1951.

Merritt W. Oldaker, Albuquerque, for appellants.

Waldo H. Rogers, City Atty., C. Vance Mauney, Asst. City Atty., Albuquerque, for appellee.

McGHEE, Justice.

The appellants seek the reversal of a judgment quieting title in the appellee to two lots in Albuquerque purchased by it at a sale following the foreclosure of paving liens. A number of lots in various ownerships were involved in the foreclosure suit, and some of the defendants, including the predecessor in title of the ap-

pellants, pleaded the statute of limitations as to lots owned by them, and had the suit dismissed as to their property on account of such pleas. The appellant, Oscar L. Huddleston, however, suffered default and allowed his lots to be sold to the city.

The trial court sustained a motion for summary judgment filed by the city upon the following findings of fact:

"1. On March 8, 1940, the City of Albuquerque, New Mexico, a Municipal Corporation, in Cause No. 27,113, District Court, Bernalillo County, filed a suit against several defendants to foreclose a number of paving liens which it held against various tracts of land in Albuquerque.

"2. Among the tracts involved were Lots 6 and 7, in Block 11, of the Granda Heights Addition to the City of Albuquerque, New Mexico, as the same are shown and designated on the replat of Blocks 10, 11, 18 and Plaza Del Sol filed in the office of the County Clerk of Bernalillo County, New Mexico, December 15, 1927. The complaint in Cause No. 27,113 alleged that Katherine B. Patterson, William O. Heacock and O. L. Huddleston, who were named therein as defendants, claimed some interest in the lots.

"3. At the time the paving lien involved was filed against the lots they were owned by Katherine B. Patterson. Later they were conveyed to William O. Heacock, who conveyed them to O. L. Huddleston on December 3, 1938.

"4. At the time Cause No. 27,113 was filed, the lots were the community property of the defendants in this case, Oscar L. Huddleston and Dora A. Huddleston, his wife.

"5. O. L. Huddleston (same as Oscar L. Huddleston) was duly served with the Summons and Complaint in Cause No. 27,113, but failed to answer or otherwise plead and, as a result, a judgment was entered against him foreclosing the paving lien on the lots, and, thereafter, a sale was held and the lots were conveyed by a Special Master on May 8, 1944.

"6. Some of the defendants in Cause No. 27,113, including Katherine B. Patterson, filed answers pleading, among other things, that the debts upon which the liens were based were barred by the Statute of Limitations, and were successful in having the case dismissed as to them."

The contentions of the appellants here are well summarized in conclusions of law 2, 3 and 4 made by the trial court which are as follows:

"The Huddlestons contend in this case:

\*  \*  \*  \*  \*  \*

"2. That the judgment is void because the plaintiff's cause of action in Cause No. 27,113 was barred by the Statute of Limitations at the time the complaint was filed.

The Statute of Limitations does not discharge the debt, but it merely bars the remedy, and in New Mexico the bar of the Statute of Limitations is available only to those who plead it as an affirmative defense. In this case no pleading of any kind was filed by Huddleston in Cause No. 27,113.

"3. That the judgment is void because the action of some of the defendants in Cause No. 27,113, including Katherine B. Patterson, in pleading the Statute of Limitations inured to the benefit of all the other defendants. This contention has no merit because, in my opinion, it was necessary, under our Rules, that each defendant plead the Statute of Limitations in order to be entitled to that defense. It was a personal defense that was available to each defendant, including the Huddlestons, but it had to be asserted by them in that case. The other defendants were merely defending on a ground personal to themselves, and the defense of the Statute of Limitations made by them did not inure to the benefit of the Huddlestons, or to any of the other defendants.

"4. That the defendants have acquired the lots in question by adverse possession because they have held them under color of title and paid the taxes for more than ten years. The color of title relied upon by the defendants to sustain their claim of title to the lots by adverse possession under the ten year statute was extinguished by the judgment or decree entered against them in Cause No. 27,113."

The trial court also concluded that the Huddlestons were making an improper collateral attack on the judgment in the foreclosure case.

The appellants say that under our decisions in Altman v. Kilburn, 45 N.M. 453, 116 P.2d 812, 136 A.L.R. 554, and Munro v. City of Albuquerque, 48 N.M. 306, 150 P.2d 733, the district court did not have jurisdiction of the subject matter in Cause 27,113, as more than four years had elapsed since they became delinquent in the payment of the paving assessments.

The Altman case was an action to foreclose a paving lien in which the defendants had been delinquent in their payments for more than four years. The defendants interposed a plea of limitations, and we held the four year statute of limitations was applicable in such a case and that the trial court erred in denying the plea.

Following our decision in that case Munro brought suit against the City of Albuquerque seeking judgment for the value of paving bonds which he could not collect because the city had breached its trust in that it had failed to file foreclosure proceedings against delinquent property within four years of the delinquency. We held the right of foreclosure was equally available to the bondholder,

and as he had sat idly by until the property owners were able to successfully invoke the four year statute of limitations, he did not have a cause of action against the city.

Neither of these cases hold, as contended by the appellant that the cause of action was destroyed, and we decline to so hold in this case.

The appellants next contend that the plea of limitations of other defendants inured to their benefit, especially that of their predecessor in title, Katherine B. Patterson. The complaint in the paving suit was in conventional form, a number of paragraphs alleging the creation of the paving district, levying of assessments, etc., and then in separate paragraphs covering the individual lots and owners allegations of delinquency were set out. The plea of Katherine B. Patterson, appellants' predecessor in title, was sustained and in an order duly entered dismissing the cause of action as to her the lots she owned were described, and the ones owned by the Huddlestons not included. On the contrary, foreclosure of the lien was decreed against the Huddleston lots and they were sold to the city in due course.

Had the defendants in the foreclosure case who pleaded the statute of limitations been joint owners of the lots here involved with the Huddlestons, their claim would, it seems, have been well taken. 34 C.J. 152, 49 C.J.S., Judgments, § 192; Annotation 78 A.L.R. 938. But here the paving suit was to all intents and purposes a separate action against each delinquent lot and its owner, and the plea of limitation was one personal to Huddleston which he did not see fit to interpose. The cause of action had not been destroyed, and Huddleston's failure to plead the statute of limitations waived such defense. Pueblo of Laguna v. Pueblo of Acoma, 1 N.M. 220; Wilkerson v. Badaracco, 21 N.M. 517, 157 P. 141; American Salt Co. v. Heidenheimer, 80 Tex. 344, 15 S.W. 1038, 26 Am. St.Rep. 743; Annotation 12 Ann.Cas. 981.

The appellants next contend that they have been in adverse possession of the property under color of title and have continuously paid the taxes for more than ten years; but, as found by the trial court, their color of title was wiped out by the sale under the foreclosure proceedings. 2 C.J.S., Adverse Possession, § 69, p. 585. This case was filed in 1948 and the appellants could not have acquired title by adverse possession between the foreclosure sale and the filing of this action so as to bring themselves within the terms of Sec. 27–121, New Mexico Statutes, 1941 Compilation.

In New Mexico one who challenges an unreversed judgment regularly entered has a very difficult task. McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970.

Finding no error, the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMP-TON and COORS, JJ., concur.