[Civ. No. 5659.   Fourth Dist.   Apr. 23, 1959.]

FORGERON INCORPORATED (a Corporation), Appellant, v. CLIFFORD L. HANSEN et al., Respondents.

Baker, Palmer, Wall & Raymond for Appellant.

Rowell, Lamberson & Thomas and Edwin H. Hiber for Respondents.

MUSSELL, J.—This is an action for damages alleged to have been caused by the failure of defendants as general contractors to award plaintiff a subcontract for the plumbing in the construction of a college gymnasium and swimming pool in Bakersfield. A jury trial was had and a judgment was entered in favor of plaintiff in accordance with the verdict rendered by the jury. Defendants appealed from the judgment and from an order denying their motion for judgment notwithstanding the verdict. The judgment was reversed on appeal, a new trial was ordered, and the order denying the motion for judgment notwithstanding the verdict was affirmed. (*Forgeron Inc.* v. *Hansen,* 149 Cal.App.2d 352 [308 P.2d 406].) A petition for a rehearing was denied April 18, 1957, and respondent's petition for a hearing by the Supreme Court was denied May 20, 1957. On July 9, 1957, the defendants Clifford L. Hansen et al., filed in the Superior Court of Kern County a motion for summary judgment and a motion for judgment on the pleadings. These motions were heard and submitted on July 22, 1957, and on August 9, 1957, the trial court entered judgment granting the motions and ordering that plaintiff take nothing of and from the defendants. Plaintiff appeals from this judgment.

In support of the two motions made in the superior court respondents filed an affidavit of the official court reporter at the former trial as to the testimony of plaintiff Forgeron at said trial and it was stipulated that the clerk's and reporter's transcripts on appeal in the present appeal be deemed to include the clerk's and reporter's transcripts filed in connection with the prior appeal herein.

Appellant Forgeron Incorporated filed two counteraffidavits in opposition to these motions. In the affidavit of R. L. Raymond, one of the attorneys for plaintiff, it is stated that he tried the action and participated in the appeal from the judgment therein; that during the period when said action was pending on appeal, and immediately before the hearing on the appeal, he acquired further information confirming the authority of one Christian Jessen to act on behalf of L. H. Hansen and Sons; that he made a motion in this court for

permission to file herein certain documents tending to show that Jessen was authorized by the defendants to act for them in accepting bids for the work involved, and was one of the partners doing business as L. H. Hansen and Sons. In the affidavit of F. S. Macomber, a general contractor, the affiant stated he was familiar with bidding practices and procedures in the Bakersfield area; that plaintiff's bid was in the form universally used and was regarded as complete; that any written contract is merely a formalization of the agreement contained in the subcontract bid; that according to the practice in the area an agreement to accept a low bid was made orally rather than in writing.

The judgment for plaintiff was reversed and a new trial ordered in the former appeal herein (*Forgeron Inc.* v. *Hansen, supra,* 149 Cal.App.2d 352) and no ruling was made on the motion to receive further evidence on the former appeal herein for that reason. In the motion for summary judgment defendants offered no evidence other than that received in the original action.

In *People* ex rel. *Chapman* v. *City of Garden Grove,* 165 Cal.App.2d 794 [332 P.2d 841] (hearing denied by the Supreme Court), this court held, at page 798, that " ' "The issue to be determined by the trial court in consideration of a motion (for summary judgment) is whether or not (plaintiff or) defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case." ' " (*Coyne* v. *Krempels,* 36 Cal.2d 257, 260 [1] [223 P.2d 244].)

. . . . . . . . . . . .

" 'Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor, and defendant does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." (Code Civ. Proc., § 437c; *Hardy* v. *Hardy,* 23 Cal.2d 244, 245, 247 [143 P.2d 701]; *Gardenswartz* v. *Equitable Life Assur. Soc.,* 23 Cal.App.2d Supp. 745, 750, 751 [68 P.2d 322].)' "

A retrial of the instant action involves the determination of issues of fact and the reversal of the judgment places the parties in the same position as if the case had never been tried. (*Heinfelt* v. *Arth,* 4 Cal.App.2d 381, 383 [41 P.2d 191].) In *Weightman* v. *Hadley,* 138 Cal.App.2d 831, 838 [292 P.2d 909], the court said:

"We think that when it is said an unqualified reversal 'remands the case for a new trial,' it means a new trial as defined by section 656 of the Code of Civil Procedure, i.e., 'a re-examination of an issue of fact.' "

■ In *English* v. *Olympic Auditorium, Inc.*, 10 Cal.App. 2d 196, 201 [52 P.2d 267], it was held that "The authorities are uniform to the effect that a trial court may not disregard the directions of a court of review upon a reversal and re-manding of a case on appeal by adding thereto or detracting therefrom any essential determination of the issues. (*Cowdery* v. *London & San Francisco Bank, Ltd.*, 139 Cal. 298, 307 [73 P. 196, 96 Am.St.Rep. 115]; *Weaver* v. *San Francisco*, 146 Cal. 728, 732 [81 P. 119]; *Lial* v. *Superior Court*, 133 Cal.App. 31 [23 P.2d 795]; *Standard Accident Ins. Co.* v. *Allen*, 38 Ariz. 173 [298 P. 406]; *Rogers* v. *Hill*, 289 U.S. 582 [53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744].)" (See also *Rice* v. *Schmid*, 25 Cal.2d 259, 263 [153 P.2d 313].)

■ Appellant concedes in its brief that the additional evidence on a retrial of the case would be essentially the same as reflected by the counteraffidavits filed in the trial court on the hearing of the motions made by defendants and asks this court to reevaluate the position stated in the original appeal in the light of affidavits. The counteraffidavits filed by appellant to the motions for summary judgment and judg-ment on the pleadings raise issues of fact, one of which is whether the witness Christian Jessen had authority to act for Hansen and Sons in accepting the bids involved. The former decision on appeal herein was based on the evidence then appearing in the record and on a new trial of the issues the evidence presented will govern the trial court or a jury in the determination of all of the factual issues involved. Under the circumstances presented by the record we conclude that the trial court erred in granting the motions of the defendants.

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied May 22, 1959, and respondents' petition for a hearing by the Supreme Court was denied June 18, 1959.