**Frank Charles YODER and Mary Ellen Yoder, Plaintiffs,**

v.

**YAMAHA INTERNATIONAL CORPORATION et al., Defendants.**

**Civ. A. No. 69–2558.**

United States District Court, E. D. Pennsylvania.

Aug. 9, 1971.

Edward L. Wolf, Kolsby & Wolf, Philadelphia, Pa., for plaintiffs.

Raymond T. Cullen, Jr., Morgan, Lewis & Bokius, Philadelphia, Pa., for defendants.

HUYETT, District Judge.

Presently under consideration are Yamaha Motor Company Limited's Motion to Dismiss and plaintiffs' Motion for Authorization to Make Service.

Plaintiffs, Pennsylvania residents, allege that their son's death was caused by the malfunctioning in Levittown, Pennsylvania,[1] of a motorcycle manufactured by Yamaha Motor Company Limited (Yamaha Lim.) and distributed by Yamaha International Corporation (Yamaha Corp.). Plaintiffs instituted the action in the Superior Court of the State of California naming as defendants Yamaha Corp., a California corporation, and Yamaha Lim., a Japanese corporation. Service was made upon Yamaha Corp. on May 16, 1969, at 7733 Telegraph Road, Commerce, California, by personal service on an employee authorized to receive service of process on behalf of Yamaha Corp. That was the only service made in this action. Yamaha Corp. thereupon petitioned for removal of the action to the United States District Court for the Northern District of California on the basis of diversity of citizenship. Thereafter, plaintiffs and Yamaha Corp. entered into a Stipulation for Change of Venue and the action was transferred to the Eastern District of Pennsylvania. Following the transfer to this Court, Yamaha Lim. moved to have the action dismissed as to itself because: (a) it had not been properly served with process in this action; and (b) it has never been amenable to service of process in California for the reason that it has never done business in that state.

1. The initial complaint alleged that the accident occurred in Levittown whereas the Motion for Authorization to Make Service alleged that it occurred in Bristol, Pennsylvania.

## JURISDICTION

■ Ordinarily, when an action is commenced in a State Court and thereafter removed to Federal Court where jurisdiction is contested, the Federal Court must look to the law of the state in which the action was commenced to determine the validity of service of process and the amenability of defendant to suit in that state. *See* Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); Partin v. Michaels Art Bronze Co., 202 F.2d 541 (3 Cir. 1953). The instant action creates an additional complication because it was transferred from the Northern District of California to the Eastern District of Pennsylvania. Nevertheless, the few courts that have considered the effect of a transfer pursuant to 28 U.S.C. § 1404(a) have concluded that "the legal rights of the parties are determined by the law of the state or district in which the cause originates. In other words, a change of venue affects the place of trial only." Greve v. Gibraltar Enterprises, 85 F.Supp. 410, 414 (D.N.M.1949), quoted with approval in Hargrove v. Louisville & Nashville R. Co., 153 F.Supp. 681, 684 (W.D.Ky. 1957). Since 28 U.S.C. § 1404(a) authorizes a change of venue merely "for the convenience of parties and witnesses, in the interest of justice," it appears sound to continue to determine the legal rights of the parties by reference to the law of the state or district in which the action originated. This course shall be followed and California law applied in the instant action to determine whether jurisdiction exists over Yamaha Lim.

■ Section 411, subdivision 2, of the California Code of Civil Procedure authorizes service of process on foreign corporations doing business in California. It must be decided, therefore, whether Yamaha Lim. does business in California so as to render it amenable to service of process in California.

Yamaha Lim. manufactures motorcycles in Japan which are purchased by Yamaha Corp. on an F.A.S. Japan basis and brought to California for distribution in the United States. Yamaha Lim. contends that since it has no offices or employees in California and all its transactions with Yamaha Corp. are consummated in Japan, it does not possess sufficient minimum contacts with the state to render it amenable to service of process there.

Yamaha Lim. cites DaSilveira v. Westphalia Separator Co., 248 Cal.App. 2d 789, 57 Cal.Rptr. 62 in support of its position. In *DaSilveira* the California Court of Appeals held that plaintiff failed to meet its burden of proving that a foreign corporation was doing business in California where the defendant had made an outright sale of goods to an independent, non-exclusive distributor which then shipped the product into California for resale. The Court found that there had been no act by which the defendant purposely availed itself of the privilege of conducting business in California.

Yamaha Lim. accurately states that the circumstances in the instant action are similar to those that existed in *DaSilveira*: defendant was organized and exists under the laws of a foreign country; never engaged in business, advertised, or paid taxes in California; dealt only with a domestic distributor in which it owned no interest; all sales and deliveries took place outside California.

Yamaha Lim. has not considered, however, the more recent case of Buckeye Boiler Co. v. Superior Court of Los Angeles County, 71 Cal.2d 893, 80 Cal.Rptr. 113, 458 P.2d 57 (1969). In *Buckeye Boiler* the Supreme Court of California held that California had jurisdiction over an Ohio corporate manufacturer which derived $30,000 annually from the sale of pressure tanks to one California company but had no other contact with California. The Court expressly disapproved cases like *DaSilveira* which employ a mechanical "checklist" approach to determine the existence or nonexistence of purposeful activity in the state. The "checklist" approach was decried

for failing to focus on economic realty rather than the outward form of business transactions. 80 Cal.Rptr. at 121, 458 P.2d at 65.

One possible distinction between *Buckeye Boiler* and the instant action can be discerned. Buckeye Boiler Co. shipped its goods directly to a distributor in California whereas Yamaha Lim. transports through a distributor, Yamaha Corp. To attach any significance to this distinction, however, would be to ignore the language of the Supreme Court of California in *Buckeye Boiler*, 80 Cal. Rptr. at 120, 458 P.2d at 64:

> "A manufacturer engages in economic activity within a state as a matter of 'commercial actuality' whenever the purchase or use of its product within the state generates gross income for the manufacturer and is not so fortuitous or unforeseeable as to negative the existence of an intent ' on the manufacturer's part to bring about this result. (Citations omitted)

> "A manufacturer's economic relationship with a state does not necessarily differ in substance, nor should its amenability to jurisdiction necessarily differ, depending upon whether it deals directly or indirectly with residents of the state.   *   *   *

> "A manufacturer whose products pass through the hands of one or more middlemen before reaching their ultimate users cannot disclaim responsibility for the total distribution pattern of the products. If the manufacturer sells its products in circumstances such that it knows or should reasonably anticipate that they will ultimately be resold in a particular state, it should be held to have purposely availed itself of the market for its products in that state.   *   *   *"

It appears, therefore, that the Supreme Court of California intended to reach the constitutional limit announced in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, as to what constitutes doing business within a state. Buckeye

Boiler, 80 Cal.Rptr. at 117, 458 P.2d at 61; Cf. Benn v. Linden Crane Co. et al., 326 F.Supp. 995 (E.D.Pa., filed Apr. 30, 1971). *International Shoe* established that due process would not be offended if a corporation possessed certain minimum contacts with a state so as not to offend one's sense of fair play and equal justice. Yamaha Lim. possesses such minimum contacts with the state of California. Consequently, the economic realty of Yamaha Lim.'s transactions with Yamaha Corp. lead to the inescapable conclusion that Yamaha Lim. does business in California and is, therefore, amenable to service of process there.

### ˙ SUFFICIENCY OF SERVICE

■ The California Corporation Code §§ 6500 et seq. provides that service on a foreign corporation can be made in California only by service on an officer or general manager of the corporation within California, on a natural person designated by the corporation as its agent for service of process, or on the Secretary of State of California. The California Code of Civil Procedure §§ 410 et seq. requires that service of process on a foreign corporation be made as set forth in §§ 6500 et seq. of the California Corporation Code.

In the instant action the only service effected was made upon Yamaha Corp. in its capacity as a domestic corporation. Service was made at the place of business of Yamaha Corp. upon an employee of Yamaha Corp. Furthermore, plaintiffs have produced nothing to indicate that service upon Yamaha Corp. was tantamount to service upon Yamaha Lim. On the other hand, the Affidavit of Luther Hudson, Jr., Secretary of Yamaha Corp., indicates that neither the employee who was personally served nor Yamaha Corp. has ever been designated an agent of Yamaha Lim. for service of process. Accordingly, there has been no service of process upon Yamaha Lim. to date in the instant action.

Plaintiffs contend, however, that the California Code of Civil Procedure affords a litigant three years from the in-

stitution of the action to make proper service and § 581a supports that contention.[2] The problem is whether § 581a is available to plaintiffs since the action has been transferred to the Eastern District of Pennsylvania. While Fed.R.Civ.P. 4(f) states that process may be served within the territorial limits of the state in which the district court is held, plaintiffs seek to serve process in California. Rule 4 must be interpreted, however, in light of 28 U.S. C. § 1448 which reads in part:

"In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

\* \* \*

Since the transfer affects the place of trial only, Greve v. Gibraltar, *supra,* 85 F.Supp. 410, 414 (D.N.M.1949), 28 U.S. C. § 1448 requires this Court to issue service of process in the same manner as would the Northern District of California had the action been filed originally in that Court. It is clear that if this action had been filed originally in the Northern District of California, plaintiffs could serve process upon Yamaha Lim. in California now pursuant to Fed.R.Civ.P. 4(f) because Cal.Code Civ. Proc. § 581a would be available to them. The transfer of this action to the Eastern District of Pennsylvania must not be allowed to abrogate plaintiffs' right under California law to make service at this time. For the foregoing reasons plaintiffs' Motion for Authorization to Make Service upon a foreign corporation through the Secretary of State of California shall be granted.

2. In its Motion for Authorization to Make Service plaintiffs cited Cal.Code Civ.Proc. § 583 which does not support this contention. Section 581a, however, does

afford a litigant three years from the institution of the action to make proper service.