628 P.2d 310

**UNITED SALT CORPORATION,
Petitioner,**

**and**

**Gary W. Grice and Richard G. Patton, Defendants,**

v.

**Frankie L. McKEE, Individually and as Personal Representative of the Estate of Mona V. McKee, Deceased, Respondent.**

**No. 13447.**

Supreme Court of New Mexico.

May 15, 1981.

Rodey, Dickason, Sloan, Akin & Robb, Travis R. Collier, James C. Ritchie, Albuquerque, for petitioner.

Thomas Fitch, Socorro, for respondent.

## OPINION

SOSA, Senior Justice.

The issue before this Court on certiorari is whether a non-defaulting defendant is materially prejudiced by a default judg-

ment as to liability and as to compensatory and punitive damages against its co-defendants in a wrongful death suit. The proper procedure to be followed in cases involving multiple defendants is an issue of substantial public interest. The district court granted a final default judgment under N.M.R. Civ. P. 54(b)(2), N.M.S.A. 1978 (Repl. Pamp. 1980), which provides as follows:

(2) *Judgment involving multiple parties.* When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment. If such provision is made, then the judgment shall not terminate the action as to such party or parties and shall be subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties.

Upon interlocutory appeal, the Court of Appeals affirmed the district court's denial of appellant's motion to set aside the default judgments of defendants Grice and Patton. The court held (1) that although the district court was technically incorrect in ordering the default judgment, appellant had no standing to challenge the validity of the judgment since it was not prejudiced or injured by the error and (2) that even if appellant had standing, the judgment was "harmless error" and the trial court did not abuse its discretion by acting arbitrarily or unreasonably under the particular circumstances. We affirm in part and reverse in part.

Mona McKee was killed on February 25, 1979, when a truck owned by appellant, United Salt Corporation, and operated by Gary W. Grice, collided with the vehicle which she was driving. Richard G. Patton was a passenger in the truck. A third vehicle was also involved. Frankie L. McKee, personal representative of the estate of Mona McKee, brought suit for damages for wrongful death against United Salt Corporation, Grice and Patton. He alleged that Grice and Patton were employ-

ees of United Salt and that they were negligent in the operation of the truck. He further alleged that United Salt was vicariously liable for the negligence of the individual defendants and that it had negligently entrusted the truck to them. He also alleged that all defendants were jointly and severally liable. Grice and Patton failed to answer. The district court entered default judgment against them in the amount of $359,899.00 (including $100,000.00 punitive damages) which is $50.00 more than the amount prayed for in the complaint. Default judgment was granted while United Salt's motion to dismiss the complaint, or in the alternative, to stay was pending. The district court denied appellant's motion to dismiss the default judgment. The Court of Appeals affirmed (Sutin, J., dissenting).

Appellant relies on *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), which involved a charge of jointly conspiring to defraud plaintiff out of certain lands in Texas. Plaintiff's complaint was eventually dismissed as to all the other defendants. The Supreme Court held that a final decree on the merits could not be made separately against one defendant where a joint charge was still pending against the others.

The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court.

*Id.* at 554.

It has been held that "it is most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b). In any event, at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others." (Citation omitted.) *International Controls Corp. v. Vesco,* 535 F.2d 742, 746–47 n. 4 (2d Cir. 1976). This is a joint claim

against the defendant since the liability of United Salt as to the claim of vicarious liability necessarily depends on the negligence of the individual defendants. Therefore, a final default judgment as to the amount of damages should not have been ordered. Appellee asserts, however, that United Salt has no standing to challenge the validity of the judgment. The general rule of law is that a court of review will not entertain assignments of error made by the appellant which may be prejudicial or injurious to others but not as to him. 5 C.J.S. *Appeal and Error* § 1497 (1958).

## I

■ The first question to be resolved is whether United Salt is prejudiced by the judgment. United Salt is not prejudiced by the default judgment establishing the liability of Grice and Patton individually since United Salt's negligence is not thereby decided. However, it may be prejudiced by the money judgment. United Salt is entitled to try the issues of negligence, respondeat superior and the amount of damages. As long as these issues were raised by United Salt's pleadings, it should not be foreclosed from litigating them merely because Grice and Patton defaulted. Grice and Patton should not be locked into an amount of damages without proof of the amount by plaintiff; neither should United Salt if it is found liable under a respondeat superior theory. As stated in *Gallegos v. Franklin*, 89 N.M. 118, 123, 547 P.2d 1160, 1165 (Ct. App. 1976), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976): "The entry of a default judgment against a defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff. 6 Moore's Federal Practice § 55.-07 (1972 Ed.)." (Citation omitted.) This rule should inure to the benefit of United Salt. Even if United Salt is not locked into the amount of damages, there are likely to be inconsistent money judgments. United Salt is prejudiced by the default judgment and therefore has standing to challenge its validity.

## II

■ The next question to be resolved is whether the effect of the default judgment on United Salt was harmless error. Setting aside a judgment under N.M.R. Civ. P. 60(b), N.M.S.A. 1978 (Repl.Pamp. 1980), is discretionary with the trial court, and appellate courts will not interfere with the action of the trial court except upon a showing of abuse of discretion. *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978). Such an abuse may be found only where the judge has acted arbitrarily or unreasonably under the particular circumstances. *Richins v. Mayfield*, 85 N.M. 578, 514 P.2d 854 (1973).

■ We find that there was an abuse of discretion by the district court for the following reasons: (1) The district court granted damages of $50.00 more than is prayed for in the complaint. A judgment may not grant relief which is not requested. *Federal National Mortgage Ass'n v. Rose Realty, Inc.*, 79 N.M. 281, 442 P.2d 593 (1968); (2) As we discussed above, United Salt may, in effect, be locked into an amount of damages for which no proof has been presented. Claims for large sums of money should not be determined by default judgments if they can reasonably be avoided. *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973); (3) United Salt may be found not liable at trial based upon a defense which could inure to the benefit of its defaulting co-defendants. This would lead to inconsistent verdicts. We implicitly recognized this doctrine in *City of Albuquerque v. Huddleston*, 55 N.M. 240, 230 P.2d 972 (1951); (4) The district court granted the default judgment although defendants Grice and Patton did not receive notice of the hearing on an application of plaintiff for such judgment and no hearing was held. We agree that a default judgment, absent notice and hearing or an opportunity to be heard, is not an adjudication of all issues as intended by Rule 54(b)(2).

■ If vicarious liability is found, United Salt will be prejudiced by the default judgment unless it is allowed to litigate the

issues of negligence, employer-employee relationship, scope of employment and measure of damages. The trial court's denial of United Salt's motion to set aside the default judgment was an abuse of discretion which does not constitute harmless error. For the foregoing reasons we hold that, although the Court of Appeals was correct in refusing to set aside the default judgment as to the liability of defendants Grice and Patton, it was incorrect in refusing to set aside the default judgment as to the amount of damages. The default judgment, to the extent it awarded money damages, is reversed and otherwise it is affirmed.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

EASLEY, C. J., dissenting.