William SHILTS, Appellant,

v.

Robert Gould YOUNG, Appellee.

No. 5517.

Supreme Court of Alaska.

Nov. 13, 1981.

As Amended April 29, 1982.
As Amended on Denial of Rehearing
April 29, 1982.

Daniel K. Spradlin, Rourke & Woodruff, Santa Ana, Cal., and Susan A. Vaillancourt, Anchorage, for appellant.

Donna C. Willard, Richmond, Willoughby & Willard, Anchorage, and Edward G. King, Ziegler, Cloudy, King, Smith & Brown, Ketchikan, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

CONNOR, Justice.

This case is on appeal for the second time.

The case was commenced by Robert Young as plaintiff in an action to quiet title to all of U.S. Survey No. 691 on Prince of Wales Island, consisting of about 80 acres. The named defendants were the Alaska Industrial Company, the State of Alaska, 14 individual persons and their heirs, as well as all unknown persons claiming any right, title or interest in the property. As to a number of defendants, service was made by publication. Default was entered as to all of the defendants except the State of Alaska, which agreed to be bound by the court's decision, and William Shilts, who filed an answer. Shilts filed an answer denying generally the allegations of the complaint, and he counterclaimed and cross-claimed as to six blocks of U.S. Survey No. 691, amounting to about six acres.

After a trial, the superior court held that Young had established adverse possession to all of U.S. Survey No. 691. On appeal we held in *Shilts v. Young*, 567 P.2d 769 (Alaska 1977), that Young had failed to establish adverse possession of the six blocks claimed by Shilts, and that Shilts derived his title under a deed containing a description which was uncertain, but which was made certain by reference to extrinsic evidence. Therefore, we reversed and remanded for entry of judgment in favor of Shilts as to the six blocks claimed by him.

The dispositive language of our mandate, dated August 1, 1977, stated:

"The decree of the Superior Court, entered on May 28, 1976, is reversed and the case is remanded to the Superior Court for entry of a judgment in favor of Mr. Shilts as to the six blocks conveyed to his predecessor in title."

On July 5, 1978, the superior court entered an order which stated that Shilts was the owner of the six blocks, which were described by metes and bounds. The order said nothing about Young and made no award of property to him. On August 4, 1980, at the urging of Young's counsel, the superior court entered an amended decree, made effective nunc pro tunc to July 5, 1978. The amended decree stated that title to all of U.S. Survey No. 691, except the six

blocks which had been awarded to Shilts, was quieted in Young and that Young was the sole owner of the property. From this amended decree Shilts now appeals.

The issues presented for review all concern one ultimate question: in light of our opinion in *Shilts v. Young, supra*, and the proceedings in the superior court, was it error for the superior court to award title to the balance of U.S. Survey No. 691 to Young?

Shilts asserts (1) that the amended decree does not conform to our decision in *Shilts v. Young, supra*; (2) that the amended decree is not supported by the evidence adduced at trial; and (3) that the superior court was without "jurisdiction" to render the amended decree. In response, appellee asserts that (1) Shilts has no "standing" to appear in this court; (2) that the compulsory counterclaim provisions of Alaska Civil Rule 13(a) control; and (3) that our mandate was adhered to by the superior court.

■ Our mandate stated that the decree of the superior court was reversed and remanded. Shilts argues that "reversed" means that the judgment is annulled or vacated. He is correct. Normally the effect of a reversal is that the judgment is vacated and the case is put in the same posture in which it was before the judgment was entered. *Markel v. Transamerica Title Insurance Co.*, 103 Ariz. 353, 442 P.2d 97, 106 (1968); *Forgeron, Inc. v. Hansen*, 169 Cal.App.2d 832, 338 P.2d 10 (1959); *O'Brien v. Great Northern Railroad Co.*, 148 Mont. 429, 421 P.2d 710, 716 (1966).[1]

■ Our mandate directed only that an award be made to Shilts. However, the reversal of the decree meant that the superior court's award to Young of all of U.S. Survey No. 691 was vacated. Additionally, our previous opinion makes it clear that Young failed in his proof of adverse possession. Therefore, after our mandate issued there was no basis upon which the superior

court could have made an award to Young on a claim of adverse possession. A reading of our previous opinion also makes it plain that Young did not establish title by deed to any portion of U.S. Survey No. 691. After our remand, no new evidence was submitted. It follows that there was no evidentiary basis upon which, after remand, the superior court could have entered judgment in favor of Young.

If this case is viewed solely from the standpoint of our earlier opinion and mandate, it appears that the superior court erred in entering the amended decree. We must now examine the other arguments presented by Young in support of affirmance of the amended decree.

■ Young argues that the only matter tried below was title to the six blocks claimed by Shilts. In support of this argument he cites certain remarks made by Shilts' counsel before the superior court. As Shilts points out in the instant appeal, those remarks have been taken out of context. In fact Shilts, in his answer to the complaint, denied Young's claim totally, and then by counterclaim asserted ownership of the six blocks as to which he ultimately prevailed. Moreover, in the first appeal of this case Shilts contested the adequacy of Young's proof of adverse possession and drew no distinction as to particular portions of U.S. Survey No. 691.

Young next argues that the defaults against the other defendants established his claim of adverse possession against them, that Shilts' claim was only to the six blocks, that Shilts prevailed as to the property claimed by him, and that Shilts has no standing to contest the validity of Young's claim to the balance of U.S. Survey No. 691.

■ Young's argument is unpersuasive for two reasons. First, even though some defendants are in default and are precluded from defending the action, this does not automatically vest title in Young.[2] *Kuhn v.*

---

1. *See also Hampton v. Superior Court*, 38 Cal.2d 652, 242 P.2d 1, 3 (1952); *Central Mont. Stockyards v. Fraser*, 133 Mont. 168, 320 P.2d

981, 991 (1957); *Phebus v. Dunford*, 114 Utah 292, 198 P.2d 973, 974 (1948).

2. In attempting to bolster his argument to the contrary and with regard to the balance of U.S.

*Chesapeake & Ohio Railway Co.*, 118 F.2d 400, 404–05 (4th Cir. 1941). Second, although Shilts' *claim* was only to six blocks of U.S. Survey No. 691, Young's complaint did not distinguish between the various blocks of U.S. Survey No. 691 or the claims of the various defendants, and Shilts denied generally the allegations of Young's complaint as to the latter's adverse possession of U.S. Survey No. 691 in its entirety. Ordinarily a denial of a material allegation of a plaintiff's complaint is sufficient to raise an issue. *See Hendershott v. Shippman*, 37 Cal.2d 190, 231 P.2d 481, 483 (1951). Thus, Shilts' general denial of Young's claim enabled Shilts to contest the validity of Young's title, not only as to the six blocks claimed by Shilts, but also as to the balance of U.S. Survey No. 691.[3] *See Martin v. Hall*, 219 Cal. 334, 26 P.2d 288, 289 (1933). This he successfully did.

■ The normal rule is that a defendant in a quiet title action may always resist a decree against himself by showing simply that the plaintiff is without title. *Pacific States Savings & Loan Co. v. Warden*, 18 Cal.2d 757, 117 P.2d 877, 879 (1941). Once the plaintiff's claim of title is put in issue by the defendant, the plaintiff can succeed only on the strength of his own title, and not on the weakness of that of his adversary. *Ripinsky v. Hinchman*, 181 F. 786,

793; (9th Cir. 1910), *modified*, 186 F. 151; (9th Cir. 1911); *Pincock v. Pocatello Gold & Copper Min.*, 100 Idaho 325, 597 P.2d 211, 217 (1979); *Freytag v. Vitas*, 213 Or. 462, 326 P.2d 110 (1958). While it may not be necessary for a plaintiff to have a perfect title, to make out a prima facie case he must at least prove that he has a substantial interest in the property and that his title is better than that of the defendants. *Rohner v. Neville*, 230 Or. 31, 365 P.2d 614, 618 (1961), *reh. denied*, 230 Or. 31, 368 P.2d 391 (1962).

■ In the case at bar it is apparent that Young did not demonstrate a substantial interest in the property, and his claim, accordingly, must fail. It was error for the superior court to enter the amended decree awarding Young the balance of the property.

The parties have argued at length about whether Shilts should have set forth a counterclaim as to the balance of U.S. Survey No. 691 in order to defeat Young's claim thereto, and whether such a counterclaim would have been compulsory or permissive. In view of our disposition of this case on other grounds, we need not reach these rather abstract questions.

Similarly, we need not reach the question raised by Shilts of whether the superior

Survey No. 691, Young cites the dissenting opinion of Justice Brice in *Cavender v. Phillips*, 41 N.M. 235, 67 P.2d 250, 256 (1937), as authority for the proposition that a plaintiff in an action commenced to quiet title need not prove title which is good against the world, and that plaintiff need only show title superior to that of the defendants. This rule of law is inapplicable to the case at bar. Apposite is another portion of Justice Brice's *Cavender* dissent which states: "If [plaintiff] has no title then he cannot recover, though the defendant may have no title." *Id.* 67 P.2d at 255–56.

**3.** The normal rule is that when a defense asserted by an answering defendant is not personal to himself, but is common to all defendants, and when it questions the merits of the plaintiff's entire cause of action, the defense inures to the benefit of the defaulting defendants. *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60, 64 (1872); *Alls v. 7-Eleven Food Stores, Inc.*, 366 So.2d 484, 485–86

(Fla.App.1979); *Tate v. Goode*, 135 Ga. 738, 70 S.E. 571, 572 (1911).

The single case cited by Young as authority for the contrary position, *City of Albuquerque v. Huddleston*, 55 N.M. 240, 230 P.2d 972 (1951), involved a city's attempt to foreclose on a number of paving liens. Some of the named defendants pleaded the statute of limitations; others defaulted. In a subsequent action the Supreme Court of New Mexico held that the successful plea of the appearing defendants did not inure to the benefit of the defaulting defendants. *Id.*, 230 P.2d at 974. *City of Albuquerque* is distinguishable from the case at bar in that the complaint filed by the city in the initial action set forth in separate paragraphs allegations of delinquency as to each individual lot and its owner so that, as noted by the court, the "suit was for all intents and purposes a separate action against each delinquent lot and its owner." *Id.* Also, while a plea of the statute of limitations is a personal defense, *see City of Albuquerque*, 230 P.2d at 974, a general denial of plaintiff's alleged title is not.

court lacked "jurisdiction" under Alaska Civil Rules 59 and 60 to enter the amended decree.

The amended decree entered August 4, 1980, is reversed, and this case is remanded with directions to dismiss Young's complaint, with prejudice.

REVERSED and REMANDED.[4]

---

**4.** If Young amends his complaint to seek title to Blocks 7 and 8, or a portion thereof, of the "Hubbell Survey," and can adduce new evidence as to the location and extent of Blocks 7 and 8, we see no impediment to the superior court holding a supplemental hearing. If the court is satisfied as to the extent and location of Blocks 7 and 8; and as to the extent of Young's interest therein, it could make an award to Young of Blocks 7 and 8, or any portion thereof.

